## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHELE BAKER, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-CV-00917-LEK-DJS |
| | ) | |
| SAINT-GOBAIN PERFORMANCE | ) | |
| PLASTICS CORP., *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | Hon. Lawrence E. Kahn |
| | ) | |
| | ) | Magistrate Judge Daniel J. Stewart |
| | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO MASTER CONSOLIDATED CLASS ACTION COMPLAINT AND REQUEST
## FOR JURY TRIAL

## PRELIMINARY STATEMENT

Defendant Saint-Gobain Performance Plastics Corporation ("Saint-Gobain"), for its answer and affirmative defenses to the Consolidated Class Action Complaint ("Complaint"), states as follows.  In its answer, Saint-Gobain refers at various points to documents, actions, or statements that the Complaint purports to characterize, selectively quote, or otherwise reference.  In referencing a document, action, or statement in the Complaint, Saint-Gobain does not admit – and expressly preserves all rights to object to, contest, or deny – the authenticity, accuracy, applicability, or admissibility of any such document, action, or statement.  To the extent the headings and sub-headings of the Complaint constitute allegations they are denied unless specifically admitted.  Saint-Gobain states as follows in response to the allegations of the Complaint:

## Response to "INTRODUCTION"

1.      This paragraph is denied except that Saint-Gobain admits that residents of Hoosick Falls, New York can receive drinking water from the Hoosick Falls municipal water supply or from private wells.

2.      This paragraph purports to refer to statements by the United States Environmental Protection Agency or various state actors, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

3.      This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

4.      This paragraph purports to refer to statements by the State of New York, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent this paragraph refers to Saint-Gobain and to the extent a further response is required, this paragraph is denied.

5.      This paragraph is denied.

6.      This paragraph purports to refer to statements by the State of New York, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

7.      This paragraph is denied.

8.      This paragraph is denied.

9.      This paragraph is denied.

<u>**Response to "PARTIES"**</u>

***Response to "Plaintiffs"***

10.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

11.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

12.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

13.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

14.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

15.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

16.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

17.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

18.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

19.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

20.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

21.    This paragraph purports to set forth a definition to which no response is required.

**_Response to "Defendants"_**

22.    This paragraph is denied except that Saint-Gobain admits that it is organized under the laws of California and registered to do business in New York.

23.    This paragraph is denied.

24.    This paragraph is denied, except that Saint-Gobain admits that it produces high-performance polymer products.

25.    This allegation relates solely to a Defendant other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

26.    This allegation relates solely to a Defendant other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

27.    This allegation relates solely to a Defendant other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

28.    This allegation relates solely to a Defendant other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

29.     This allegation relates solely to a Defendant other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

30.     This paragraph is denied except that Saint-Gobain admits that it owns and operates the facilities at 14 McCaffrey Street and 1 Liberty Street.  To the extent this allegation relates solely to a Defendant other than Saint-Gobain, no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

### Response to "JURISDICTION AND VENUE"

31.     This paragraph sets forth a legal conclusion to which no response is required.

32.     This paragraph sets forth a legal conclusion to which no response is required.

### Response to "GENERAL AND FACTUAL ALLEGATIONS"

**Response to "Background Regarding PFOA"**

33.     This paragraph is admitted.

34.     To the extent this paragraph sets forth a definition, no response is required.  Any remaining allegations in this paragraph are denied except that Saint-Gobain admits that APFO is manmade.

35.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

36.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

37.     This paragraph is denied except that Saint-Gobain admits that PFOA is a compound that repels oil, grease, and water and has been used for various manufacturing, industrial, and commercial processes.

38.     This paragraph is denied to the extent it refers to Saint-Gobain.  To the extent this allegation relates to entities other than Saint-Gobain, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of such allegations.

39.     This paragraph is denied to the extent it refers to Saint-Gobain.  To the extent this allegation relates to entities other than Saint-Gobain, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of such allegations.

40.     This paragraph concerns matters that are the proper subject of expert testimony and Saint-Gobain therefore denies same prior to discovery and the disclosure of any such testimony.

41.     This paragraph concerns matters that are the proper subject of expert testimony and Saint-Gobain therefore denies same prior to discovery and the disclosure of any such testimony.

42.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

43.     This paragraph is denied.

44.     This paragraph concerns matters that are the proper subject of expert testimony and Saint-Gobain therefore denies same prior to discovery and the disclosure of any such testimony.

45.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

46.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

47.     This paragraph is denied.

48.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

49.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

50.     This paragraph purports to refer to documents issued by the State of Minnesota, and Saint-Gobain refers the Court to the operative documents for the contents of those documents. To the extent a further response is required, this paragraph is denied.

51.     This paragraph purports to refer to documents issued by the State of New Jersey, and Saint-Gobain refers the Court to the operative documents for the contents of those documents. To the extent a further response is required, this paragraph is denied.

52.     This paragraph purports to refer to documents issued by the State of Vermont, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

53.     This paragraph purports to refer to documents issued by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

54.     This paragraph is denied except that Saint-Gobain admits that PFOA was an unregulated substance in the State of New York prior to January 2016.

**Response to "The Village of Hoosick Falls and the Town of Hoosick"**

55.     This paragraph is admitted.

56.     Saint-Gobain admits that the Village of Hoosick Falls operates the municipal water system.  Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies same.

57.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

58.     This paragraph is admitted.

59.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

**Response to "PFOA Use in and around Hoosick Falls"**

60.     To the extent this paragraph refers to Saint-Gobain, this paragraph is denied, except that Saint-Gobain admits that its operations at its facilities in Hoosick Falls at certain times included coating fabrics with polytetrafluoroethylene.  To the extent this paragraph refers to other entities, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

61.     This paragraph purports to refer to statements by the State of New York, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

62.     This allegation relates to entities other than Saint-Gobain, and Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of such allegations.

63.     This allegation relates solely to a Defendant other than Saint-Gobain and therefore no response is required.

64.     This allegation relates solely to a Defendant other than Saint-Gobain and therefore no response is required.

65.     This paragraph refers to the effect and construction of a legal instrument, to which no response is required.  To the extent a further response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

66.     This paragraph refers to the effect and construction of a legal instrument, to which no response is required.  To the extent a response is required, this paragraph is denied except that Saint-Gobain admits that it acquired the McCaffrey Street facility from Furon.

67.     This paragraph is admitted.

68.     To the extent this paragraph refers to Defendants and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent this paragraph refers to Saint-Gobain, Saint-Gobain admits only that operations at the plant at certain times included coating fabrics with polytetrafluoroethylene.  This paragraph is otherwise denied.

69.     To the extent this paragraph refers to Defendants and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent this paragraph refers to Saint-

Gobain, Saint-Gobain admits that operations at the plant at certain times included coating fabrics with polytetrafluoroethylene.

70.     To the extent this paragraph refers to Defendants and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent this paragraph refers to Saint-Gobain, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same, except Saint-Gobain admits that operations at the plant at certain times included using trays to coat fabrics with polytetrafluoroethylene.

71.     To the extent this paragraph concerns matters that are the proper subject of expert testimony, Saint-Gobain denies same prior to discovery and the disclosure of any such testimony. In addition, to the extent this paragraph refers to Defendants and/or owners or operators of the site other than Saint-Gobain, no response is required.  Any remaining allegations in this paragraph are denied.

72.     To the extent this paragraph concerns matters that are the proper subject of expert testimony, Saint-Gobain denies same prior to discovery and the disclosure of any such testimony. In addition, to the extent this paragraph refers to Defendants and/or owners or operators of the site other than Saint-Gobain, no response is required.  Any remaining allegations in this paragraph are denied.

73.     This paragraph is denied.

74.     This paragraph is denied except that Saint-Gobain admits that operations at the plant at certain times included the use of polytetrafluoroethylene manufactured by third-party suppliers for processes other than coating of fabrics.

75.     This paragraph is denied.

76.     To the extent this paragraph refers to Defendants and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent this paragraph refers to Saint-Gobain, Saint-Gobain admits only that operations at the plant at certain times included using polytetrafluoroethylene manufactured by third-party suppliers for processes other than coating of fabrics.

77.     To the extent this paragraph refers to Defendants and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent this paragraph refers to Saint-Gobain, Saint-Gobain admits that operations at the plant at certain times included using ovens.

78.     To the extent this paragraph concerns matters that are the proper subject of expert testimony, Saint-Gobain denies same prior to discovery and the disclosure of any such testimony. In addition, to the extent this paragraph refers to Defendants and/or owners or operators of the site other than Saint-Gobain, no response is required.  Any remaining allegations in this paragraph are denied.

79.     To the extent this paragraph refers to Defendants and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent this paragraph refers to Saint-Gobain, it is denied, except that Saint-Gobain admits that it periodically cleaned its ovens.

80.     To the extent this paragraph concerns matters that are the proper subject of expert testimony, Saint-Gobain denies same prior to discovery and the disclosure of any such testimony. In addition, to the extent this paragraph refers to Defendants and/or owners or operators of the site other than Saint-Gobain, no response is required.  Any remaining allegations in this paragraph are denied.

81.     This paragraph purports to refer to statements by the State of New York, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

82.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied, except that Saint-Gobain admits that it currently owns the facility at 1 Liberty Street.

83.     This paragraph is denied except that Saint-Gobain admits that operations at the plant at certain times involved the use of polytetrafluoroethylene manufactured by third-party suppliers.

84.     This paragraph purports to refer to statements by the New York State Department of Environmental Conservation, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.

85.     To the extent this paragraph purports to refer to statements by the New York State Department of Environmental Conservation, Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent this paragraph concerns matters that are the proper subject of expert testimony, Saint-Gobain denies same prior to discovery and the disclosure of any such testimony.  To the extent a further response is required, this paragraph is denied.

86.     To the extent this paragraph refers to Defendants and/or owners or operators of the sites other than Saint-Gobain, no response is required.  To the extent this paragraph refers to Saint-Gobain, it is denied.

**Response to "Disclosure of PFOA Contamination"**

87.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same, except that Saint-Gobain admits that a production well for the Hoosick Falls municipal water supply exists.

88.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same, except that Saint-Gobain admits that a production well for the Hoosick Falls municipal water supply exists at some distance from the McCaffrey Street Site.

89.     This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

90.     This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

91.     This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

92.     This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

93.     This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

94.     This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

95.     This paragraph purports to refer to statements by the Village of Hoosick Falls, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

96.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

97.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

98.     This paragraph purports to refer to statements by the New York State Department of Health, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

99.     This paragraph purports to refer to statements by the Village of Hoosick Falls, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

100.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

101.     This paragraph is denied.

102.     This paragraph is denied except that Saint-Gobain admits it has provided free bottled water to residents of Hoosick Falls and has agreed to fund the installation of a granulated

activated carbon filter system on the municipal water supply to eliminate PFOA from drinking water.

103.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

104.    This paragraph purports to refer to statements by New York State officials, and Saint-Gobain refers the Court to the operative documents for the contents of those documents. To the extent a further response is required, this paragraph is denied.

105.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

106.    This paragraph purports to refer to statements by the New York State Department of Health, and Saint-Gobain refers the Court to the operative documents for the contents of those documents. To the extent a further response is required, this paragraph is denied.

107.    This paragraph purports to refer to statements by the New York State Department of Health, and Saint-Gobain refers the Court to the operative documents for the contents of those documents. To the extent a further response is required, this paragraph is denied.

108.    This paragraph purports to refer to statements by the New York State Department of Health, and Saint-Gobain refers the Court to the operative documents for the contents of those documents. To the extent this allegation refers to Saint-Gobain and to the extent a response is required, this paragraph is denied. To the extent this paragraph refers to other entities, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

109.     This paragraph purports to refer to statements by the Hoosick Falls school district, and Saint-Gobain refers the Court to the operative documents for the contents of those documents. To the extent a further response is required, this paragraph is denied.

110.     This paragraph purports to refer to statements by Governor Andrew Cuomo and the State Health Commissioner, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

111.     This paragraph purports to refer to statements by Governor Andrew Cuomo, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

112.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

113.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

114.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.  To the extent this paragraph sets forth a legal conclusion to which a response is required, this paragraph is denied.

115.     This paragraph is denied.

116.     This paragraph purports to refer to statements by Senator Charles Schumer, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

117.    This paragraph purports to refer to statements by unnamed news outlets, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

118.    This paragraph purports to refer to statements by the New York State Department of Environmental Conservation, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent this paragraph relates to Saint-Gobain and to the extent a response is required, this paragraph is denied.

119.    This paragraph purports to refer to statements by the New York State Department of Environmental Conservation, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent this paragraph relates to Saint-Gobain and to the extent a response is required, this paragraph is denied.

120.    To the extent this paragraph purports to refer to actions of the New York State Department of Health, Saint-Gobain refers to the operative documents for the contents of those documents.  Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies same.  To the extent a further response is required, this paragraph is denied.

121.    This paragraph is denied except that Saint-Gobain admits that it funded the installation of a temporary filtration system for the municipal water supply, that a fully operational and permanent filtration system has been installed at Saint-Gobain's expense at the municipal water treatment plant, and that as of the time of the installation of the temporary system, PFOA has not been detectable in the municipal water supply.

122.    This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

123.    This paragraph purports to refer to statements by the New York State Department of Environmental Conservation, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

124.    This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

125.    This paragraph purports to refer to a consent order between the New York State Department of Environmental Conservation, Saint-Gobain, and Honeywell, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

126.    This paragraph purports to refer to actions of the New York State Department of Health, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

127.    This paragraph purports to refer to statements by the New York State Department of Health, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

128.    This paragraph is denied except that Saint-Gobain admits that studies report that more than 95 percent of the United States population has detectable levels of PFOA in their blood.

129.   Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

130.   Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

131.   Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

132.   This paragraph purports to refer to statements by Senator Kirsten Gillibrand, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

### Response to "CLASS ACTION ALLEGATIONS"

133.   Saint-Gobain incorporates by reference its responses to the previous paragraphs.

134.    To the extent this paragraph sets forth a legal conclusion, no response is required. Any remaining allegations in this paragraph are denied.

135.    To the extent this paragraph sets forth a legal conclusion, no response is required. This paragraph also refers to the "Municipal Water Nuisance Class," the claims of which have been dismissed, and thus no response is required.  Any remaining allegations in this paragraph are denied.

136.    This paragraph purports to set forth a definition to which no response is required. To the extent a further response is required, this paragraph is otherwise denied.

137.    This paragraph purports to set forth a definition to which no response is required. To the extent a response is required, this paragraph and all its subparts are denied.

138.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is otherwise denied.

### Response to "Numerosity"

139.    This paragraph is denied.

140.    This paragraph is denied.

### Response to "Typicality"

141.    This paragraph is denied.

142.    This paragraph is denied.

### Response to "Adequate Representation"

143.    To the extent Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph it denies same.  Any remaining allegations in this paragraph are denied.

144.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

### Response to "Predominance of Common Questions"

145.    This paragraph and all its subparts are denied.

### Response to "Superiority"

146.    This paragraph is denied.

147.    This paragraph is denied.

148.    This paragraph is denied.

### Response to "Rule 23(b)(2) Injunctive or Declaratory Relief"

149.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is otherwise denied.

150.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is otherwise denied.

151.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is otherwise denied.

### Response to "Rule 23(c)(4) Certification of Particular Issues"

152.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is otherwise denied.

153.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is otherwise denied.

### Response to "CAUSES OF ACTION"

### Response to "FIRST CLAIM FOR RELIEF – Negligence"

154.    Saint-Gobain incorporates by reference its responses to the previous paragraphs.

155.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is otherwise denied.

156.    This paragraph is denied.

157.    This paragraph is denied.

158.    This paragraph is denied.

159.    This paragraph is denied.

160.    This paragraph is denied.

161.    This paragraph is denied.

162.    This paragraph is denied.

163.    This paragraph is denied.

164.    This paragraph is denied.

165.    This paragraph is denied.

166.    This paragraph is denied.

**Response to "SECOND CLAIM FOR RELIEF – Private Nuisance"**

167.    Saint-Gobain incorporates by reference its responses to the previous paragraphs.

168.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is otherwise denied.  To the extent this allegation relates to the claims brought on behalf of the Municipal Water Nuisance Class, those claims have been dismissed, and thus no response is required.

169.    This paragraph is denied.

170.    This paragraph is denied.

171.    This paragraph is denied.

172.    This paragraph is denied.

**Response to "THIRD CLAIM FOR RELIEF – Trespass"**

173.    Saint-Gobain incorporates by reference its responses to the previous paragraphs.

174.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied

175.    This paragraph is denied.

176.    This paragraph is denied.

177.    This paragraph is denied.

178.    This paragraph is denied.

**Response to "FOURTH CLAIM FOR RELIEF – Strict Liability for Abnormally Dangerous Activity"**

179.    Saint-Gobain incorporates by reference its responses to the previous paragraphs.

180.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied

181.    This paragraph is denied.

182.    This paragraph is denied.

183.    This paragraph is denied.

184.    This paragraph is denied.

**Response to "DAMAGES SOUGHT BY THE CLASS"**

185.    Saint-Gobain incorporates by reference its responses to the previous paragraphs.

186.    This paragraph is denied.

187.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied

188.    This paragraph is denied.

189.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied

**Response to "PRAYER FOR RELIEF"**

Plaintiffs' prayer for relief is denied in its entirety.

**AFFIRMATIVE AND OTHER DEFENSES**

The following are defenses that Saint-Gobain may assert based on the facts alleged in the action, or based on facts adduced in discovery.  In disclosing these defenses, Saint-Gobain does not assume any burden of proof not otherwise required by law.  Moreover, Saint-Gobain undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how such defenses are denominated herein.  Finally, Saint-Gobain  reserves its right to assert further defenses that may become apparent in the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not alleged a physical injury that, as a matter of law, supports a recovery in tort.

## THIRD AFFIRMATIVE DEFENSE

To the extent that the action, including any portion of the claims therein, was not commenced within the applicable statutory time period, it is barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because under New York law Saint-Gobain did not owe a legal duty to Plaintiffs or, if it owed such a duty, did not breach that duty.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Saint-Gobain exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Saint-Gobain proximately caused the purported injuries and damages allegedly sustained by the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged damages in the Complaint were proximately caused by others, including intervening and/or superseding acts or omissions.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that their alleged injuries and damages, if any, were due to their preexisting condition, for which Saint-Gobain cannot be held responsible.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which the liability of Saint-Gobain can be predicated on the acts or omissions of a third-party, who was not an agent or employee of Saint-Gobain and for whose acts or omissions Saint-Gobain is not legally responsible, or any other theory of vicarious liability.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Saint-Gobain did not own, operate or otherwise control the McCaffrey Street facility or Liberty Street facility at the time that PFOA or related compounds are alleged to have migrated out of those facilities.

## ELEVENTH AFFIRMATIVE DEFENSE

Saint-Gobain denies any negligence, culpable conduct or liability on its part but, if Saint-Gobain ultimately is found liable for any portion of Plaintiffs' alleged damages, Saint-Gobain shall only be liable for its equitable share of Plaintiffs' alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Saint-Gobain cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from any harm allegedly caused by acts or omissions of Saint-Gobain.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged acts or omissions by Saint-Gobain with respect to the operation of the McCaffrey Street facility or Liberty Street facility remedy were dictated by federal and state agencies, overseen and approved or ratified by those agencies, and/or the subject of federal and state statutes and regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to PFOA related compounds to any PFOA or related compounds disposed of by Saint-Gobain.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by the alleged exposure to any PFOA or related compounds for which Saint-Gobain had any responsibility.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFOA or related compounds have been reliably established, through scientific means, to be capable of causing their alleged injuries.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFOA or related compounds, and/or for a sufficient duration, that have been reliably established, through scientific means, to be capable of causing their alleged injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that there has not been any actual migration of PFOA or related compounds onto their properties.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because no Plaintiff can establish that his or her property has sustained any damage from an actual migration of PFOA or related compounds, or from the alleged stigma associated with their property's proximity to the McCaffrey Street facility or Liberty Street facility.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because the volume and toxicity of any PFOA or related compounds alleged to have migrated from the McCaffrey Street facility or Liberty Street facility to Plaintiffs' properties, to which Plaintiffs allege they were exposed are de minimis and, therefore insufficient to give rise to any liability on the part of Saint-Gobain and would pose a disproportionate hardship on Saint-Gobain, as well as on the public, in comparison to the injury and or damages allegedly suffered by Plaintiffs.  Accordingly, as a matter of law, Plaintiffs are not entitled to injunctive relief as to Saint-Gobain.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Saint-Gobain did not know or have reason to know of the alleged nature or toxicity of particular hazardous substances allegedly handled and disposed at the McCaffrey Street facility or Liberty Street facility and that allegedly caused Plaintiffs' injuries.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged acts or omissions by Saint-Gobain, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Saint-Gobain exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws and regulations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the State-of-the-Art Defense.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Saint-Gobain complied with all applicable statutes, regulations, and/or standards.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of federal preemption, including express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies or the executive branch

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to allege an alternative feasible design for the McCaffrey Street facility or Liberty Street facility, including but not limited to the disposal and wastewater systems.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs' complaints is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction and/or the doctrine of separation of powers.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they failed to exhaust administrative remedies.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek to impose liability based on conduct that Saint-Gobain was required to take by law, consent decrees, regulations, or other governmental pronouncements.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent federal, state and/or local authorities and agencies have mandated, directed, approved and/or ratified the alleged actions or omissions of Saint-Gobain and to the extent Saint-Gobain could not change its conduct without governmental approval.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because stigma damages are not recoverable absent a physical injury.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, ratification, and unclean hands.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims against Saint-Gobain.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to comply with applicable laws, regulations, standards and/or ordinances.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

While denying Plaintiffs have stated any claim, Saint-Gobain states that any alleged damages must be reduced to the extent Plaintiffs failed to mitigate, minimize, or avoid some or all of their alleged damages.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

While denying Plaintiffs have stated any claim, Saint-Gobain states that any recovery for services, including medical services, to address any injuries or damages may not exceed the amounts expended or charged.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, and damages, if any, should be limited under New York law, to the extent any fault, negligence, assumption of risk, and other culpable conduct by Plaintiffs caused, proximately caused, or contributed to the alleged injuries and damages, or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, assumption of risk, voluntary exposure, and/or other applicable common-law or statutory doctrines apply.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages alleged in the Complaint were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, and/or wont of care attributable to one or more of the Plaintiffs and/or others over whom Saint-Gobain neither had nor exercised any control.

## FORTIETH AFFIRMATIVE DEFENSE

While Saint-Gobain denies that any nuisance actually exists, to the extent that a jury finds that a nuisance exists, Plaintiffs' claims are barred, in whole or in part, to the extent the legal doctrine of "moving to the nuisance" applies.

## FORTY-FIRST AFFIRMATIVE DEFENSE

While Saint-Gobain denies that any nuisance actually exists, to the extent that a jury finds that any nuisance exists, it is a public nuisance for which Plaintiffs have no special injuries or damages, and therefore, are not entitled to any recovery.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, as moot to the extent remediation has already been completed.

31

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the conduct complained of is protected by the First Amendment to the United States Constitution, or to the extent that imposing liability, in whole or in part, on Saint-Gobain would violate the Due Process and/or Equal Protection provisions of the Constitutions of the United States and/or State of New York.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of due process to the extent Plaintiffs rely on statistical evidence to attempt to prove the extent of alleged contamination as the use of such statistical evidence denies Saint-Gobain the ability to present an adequate defense.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded under New York statutory or common law.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of New York or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive or exemplary damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive or exemplary damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance

32

notice as to what conduct will result in punitive or exemplary damages; (3) unconstitutionally may permit recovery of punitive or exemplary damages based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive or exemplary damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Saint-Gobain; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive or exemplary damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive or exemplary damages awards; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Saint-Gobain the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, New York, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

## **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, in whole or in part, should be dismissed to the extent that some or all of the Plaintiffs lack standing to sue on behalf of themselves or others.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they do not own or possess the requisite legal interest in the properties at issue to assert any or all of their claims.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

## FIFTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to assert a claim for medical monitoring, such claims are barred, in whole or in part, because that cause of action is not cognizable under New York law.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs cannot prove entitlement to damages for medical monitoring.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' request to recover legal fees and expenses is barred, in whole or in part, to the extent recovery is not expressly authorized by New York or other applicable law.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the principles of strict liability and/or abnormally dangerous activities do not apply.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have received or may receive some or all of the requested relief from a governmental agency, Saint-Gobain asserts its entitlement to an appropriate set-off or reduction of any judgment against it.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have not suffered any cognizable harm and have not incurred any present damages caused by Saint-Gobain, there is no current case or controversy and thus, Plaintiffs' claims are not ripe for adjudication.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack a sufficient legal interest in groundwater to support standing.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Saint-Gobain's conduct caused no physical impact to Plaintiffs' property.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek any relief inconsistent with the applicable State or Federal regulatory schemes for addressing alleged releases of contamination.

### SIXTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part as an impermissible challenge to a remediation action under CERCLA, 42 U.S.C. § 9613(h).

### SIXTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' nuisance claims are barred, in whole or in part, because New York law prohibits nuisance based on allegations of pure economic loss, annoyance, or diminution of value.

### SIXTY-SECOND AFFIRMATIVE DEFENSE

Any liability for any injury allegedly caused in part by PFOA or related compounds allegedly released from the McCaffrey Street facility or Liberty Street facility during Saint-

Gobain's operation of those facilities must be reduced where, and to the extent that, other compounds or circumstances – including releases from other facilities, or releases about which Plaintiffs do not complain – contributed to the alleged injury.

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

Saint-Gobain is not liable for alleged contamination where chemical compounds other than PFOA or related compounds exceed state actions levels or standards, requiring cleanup regardless of the presence of PFOA or related compounds.

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

Any alleged injury, damage or loss sustained by the Plaintiffs in connection with the subject matter of this action was not reasonably foreseeable.

**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' trespass claims are barred, in whole or in part, because they have neither alleged nor suffered an invasion of an exclusive possessory interest in the alleged damaged property, nor have they alleged that Saint-Gobain acted with the requisite intent.

**SIXTY-SIXTH AFFIRMATIVE DEFENSE**

Some or all of the injury or damages allegedly sustained by Plaintiffs were the product of conduct for which Saint-Gobain cannot have liability to Plaintiffs, since it is lawfully undertaken by Saint-Gobain and its predecessors in the exercise of their rights as owner(s) of real property.

**SIXTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail, in whole or in part, based on the doctrine of unjust enrichment.  This defense includes that Plaintiffs will be unjustly enriched and/or will impermissibly double recover if Plaintiffs are awarded remediation or restoration costs for sites at which Saint-Gobain has paid or is paying for such remediation or restoration.  This defense also includes that Plaintiffs will be

unjustly enriched by recovering costs from Saint-Gobain where a state or federal authorized fund already exists to address response action pertaining to the release or presence of PFOA or related compounds.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable relief, if any, are barred because Plaintiffs have an adequate remedy at law.

## RESERVATION OF DEFENSES

Saint-Gobain incorporates by reference as if set forth herein in their entirety all applicable defenses set forth in the answers of all other defendants and, further, reserves the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary liability or damages, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

Saint-Gobain hereby demands a trial by jury of all issues so triable.

WHEREFORE, Saint-Gobain demands judgment dismissing Plaintiffs' Complaint in its entirety, together with costs and disbursements.  Saint-Gobain further demands such other relief, both general and specific, at law or in equity, to which it is justly entitled.

Dated: February 27, 2017

Respectfully submitted,

/s/ *Michael Koenig*

Michael Koenig (507425)
Christopher Fenlon (516392)
**HINCKLEY, ALLEN & SNYDER LLP**
30 S. Pearl Street, Suite 901
Albany, NY 12207
Tel: (518) 396-3100
Fax: (518) 396-3101
mkoenig@hinckleyallen.com
cfenlon@hinckleyallen.com

Sheila L. Birnbaum (505978)
Mark S. Cheffo (302113)
Douglas E. Fleming, III (519941)
Patrick Curran (519940)
Lincoln Davis Wilson (4680815)
**QUINN EMANUEL URQUHART &
SULLIVAN LLP**
51 Madison Ave.
New York, New York 10010
Tel: 212-849-7000
Fax: 212-849-7100
sheilabirnbaum@quinnemanuel.com
markcheffo@quinnemanuel.com
douglasfleming@quinnemanuel.com
patrickcurran@quinnemanuel.com
lincolnwilson@quinnemanuel.com

*Attorneys for Defendant Saint-Gobain
Performance Plastics Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 27th day of February, 2017, this document was filed through the

Electronic Case Filing System of the United States District Court for the Northern District of

New York and will be served electronically by the court to the Registered Participants identified

in the Notice of Electronic Filing (NEF).


/s/ *Michael Koenig*
Michael Koenig