UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELE BAKER; CHARLES CARR; ANGELA CORBETT; PAMELA FORREST; MICHAEL HICKEY, individually and as parent and natural guardian of O.H., infant; KATHLEEN MAINLINGENER; KRISTIN MILLER, as parent and natural guardian of K.M., infant; JAMES MORIER; JENNIFER PLOUFFE; SILVIA POTTER, individually and as parent and natural guardian of K.P, infant; and DANIEL SCHUTTIG, individually and on behalf of all others similarly situated, | Case No. 1:16-CV-0917 (LEK/DJS) **DEFENDANT HONEYWELL'S ANSWER TO THE MASTER CONSOLIDATED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES** |
| Plaintiffs, | |
| - v - | |
| SAINT-GOBAIN PERFORMANCE PLASTICS CORP., and HONEYWELL INTERNATIONAL INC. f/k/a/ ALLIED-SIGNAL INC. and/or ALLIEDSIGNAL LAMINATE SYSTEMS, INC., | |
| Defendants. | |

Defendant Honeywell International Inc. ("Honeywell"), by and through its undersigned attorneys, answers the Master Consolidated Class Action Complaint ("the Complaint") as follows:[1]

## INTRODUCTION

1.      Honeywell admits on information and belief that certain residents of Hoosick Falls, New York, receive drinking water from the municipal water supply or from private wells. Honeywell denies the remaining allegations of Paragraph 1.

---

[1] All allegations contained in the Complaint that are not specifically admitted in this Answer are denied.

2.      Honeywell admits that the U.S. Environmental Protection Agency ("EPA"), and the states of New Jersey and Vermont, have issued advisories or guidance related to perfluorooctanoic acid (PFOA) and/or perfluorooctanesulfonic acid (PFOS) in drinking water, and refers the Court to those advisories and guidance, which speak for themselves, for full recitation of their contents.  The allegations in the second sentence of Paragraph 2 reference and purport to characterize actions and statements of a panel of scientists.  Honeywell lacks knowledge or information sufficient to form a belief as the specific actions of third party scientists or to unidentified statements that may have been made by them.  To the extent that such statements are contained in a written document, Honeywell refers the Court to the operative document, which speaks for itself, for a full recitation of its contents.  On the basis set forth herein, Honeywell denies the remaining allegations in Paragraph 2.

3.      Honeywell admits on information and belief that the local and/or state governments conducted tests of certain Hoosick Falls municipal wells in 2014 and 2015, and of certain private wells in the Village of Hoosick Falls and Town of Hoosick, and refers the Court to the test reports for a full recitation of the purported results and testing methodology. Honeywell lacks knowledge or  information sufficient to form a belief as to the accuracy of the test results and, on that basis, denies the allegations.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 3 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 3.

4.      Honeywell admits that the New York State Department of Environmental Conservation (the "DEC") has identified Saint-Gobain Performance Plastics Corporation ("Saint-Gobain") and Honeywell, or their predecessors, including AlliedSignal Inc. and

AlliedSignal Laminate Systems, Inc., as parties potentially responsible for the presence of PFOA contamination at or from one or more certain former industrial facilities in the Village of Hoosick Falls and the Town of Hoosick.  Honeywell denies the remaining allegations in Paragraph 4.

5.      To the extent Paragraph 5 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and, on that basis, denies the allegations.  Honeywell denies the allegations of Paragraph 5 as to Honeywell and its alleged predecessors.

6.      The allegations in Paragraph 6 reference and purport to characterize actions and statements of New York State officials and agencies.  Honeywell lacks knowledge or information sufficient to form a belief as to the specific actions taken by third party New York State agencies or officials, or to unidentified statements that may have been made by state officials.  To the extent that such statements are contained in a written document, Honeywell refers the Court to the operative document for a full recitation of its contents.  On the basis set forth herein, Honeywell denies the allegations of Paragraph 6.

7.      Denied.

8.      Paragraph 8 alleges legal conclusions to which no responsive pleading is required. To the extent any response is required, Honeywell denies the allegations in Paragraph 8.

9.      Honeywell admits on information and belief that the local and/or state governments conducted blood tests of some Hoosick Falls residents in 2016, and refers the Court to the reports issued by New York State for a full recitation of the reported test results. Honeywell lacks knowledge or information sufficient to form a belief as to the accuracy of the test results.  The last sentence of Paragraph 9 alleges a legal conclusion to which no responsive

pleading is required.  To the extent a response is required, Honeywell denies the allegations in the last two sentences of Paragraph 9.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 and, on that basis, denies the allegations.

<u>**PARTIES**</u>

*Plaintiffs*

10.     Honeywell denies that, as a result of Honeywell's actions, Michele Baker has suffered a diminution in her property value.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10  and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 10.

11.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 11.

12.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 12.

13.     Honeywell denies that, as a result of Honeywell's actions, Pamela Forrest has suffered a diminution in her property value.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 13.

14.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 14.

15.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 15.

16.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 16.

17.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 17.

18.     Honeywell denies that, as a result of Honeywell's actions, Jennifer Plouffe has suffered a diminution in her property value.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 18.

19.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 19.

20.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 20.

21.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and, on that basis, denies the allegations, except that Honeywell admits that Michele Baker, Charles Carr, Angela Corbett, Pamela Forrest,

Michael Hickey, Kathleen Main-Lingener, Kristin Miller, James Morier, Jennifer Plouffe, Silvia Potter, and Daniel Schuttig collectively refer to themselves as "Plaintiffs" in this Complaint.

*Defendants*

22.     The allegations of Paragraph 22 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and, on that basis, denies the allegations.

23.     The allegations of Paragraph 23 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and, on that basis, denies the allegations.

24.     The allegations in Paragraph 24 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and, on that basis, denies the allegations.

25.     Honeywell admits that it is a corporation organized under the laws of the State of Delaware, that its principal executive office is located at 115 Tabor Road, Morris Plains, New Jersey, and that it is registered to do business as a foreign corporation in the State of New York. Honeywell further admits that AlliedSignal Laminate Systems, Inc. ("AlliedSignal Laminate") was affiliated with AlliedSignal, Inc. ("AlliedSignal"), which is now known as Honeywell. Honeywell denies the remaining allegations in Paragraph 25.

26.     Honeywell admits that it is a Fortune 100 company with a global workforce of more than 127,000, which serves a variety of industries, including the specialty chemicals industry,  and denies the remaining allegations in Paragraph 26.

27.     Honeywell admits that Honeywell Inc. was acquired by AlliedSignal Inc. in 1999 and that, at the effective time of the acquisition, AlliedSignal Inc. retained the Honeywell name for its brand recognition.  Honeywell denies the remaining allegations in Paragraph 27.

28.     Honeywell admits that Allied Corporation combined with The Signal Companies, Inc. in 1985, adding to Allied Corp.'s existing aerospace, automotive and engineered materials businesses.  Honeywell admits that part of Allied Corporation's business prior to 1985 related to the manufacture or processing of chemicals.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and, on that basis, denies the allegations.

29.     Denied.

30.     Honeywell admits that AlliedSignal Laminate, or its predecessor, operated manufacturing facilities at or around 14 McCaffrey Street and 1 Liberty Street, Hoosick Falls, New York at certain times.  Honeywell further admits that at certain times, AlliedSignal Laminate, or its predecessor, operated facilities on John Street/3 Lyman Street and on River Road in Hoosick Falls, New York.  To the extent Paragraph 30 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations of Paragraph 30.

## JURISDICTION AND VENUE

31.     Paragraph 31 alleges legal conclusions to which no responsive pleading is required.  To the extent a response is required, Honeywell admits that jurisdiction purports to be based on Class Action Fairness Act, 28 U.S.C. § 1332(d), and Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 and, on that basis, denies those allegations.

32.     Paragraph 32 alleges legal conclusions to which no responsive pleading is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 that are directed to another Defendant and, on that basis, denies the allegations.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 32 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 32.

## GENERAL FACTUAL ALLEGATIONS

33.     Honeywell admits on information and belief that PFOA is a fluorinated organic acid that is one of a group of perfluoroalkyl substances (PFASs).  Honeywell denies the remaining allegations in Paragraph 33.

34.     The second sentence of Paragraph 34 is descriptive of Plaintiffs' claims and, as such, no responsive pleading is required.  To the extent any response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 and, on that basis, denies the allegations, except admits on information and belief that PFOA is a man-made substance.

35.     Honeywell admits on information and belief that the Minnesota Mining and Manufacturing Company (3M) manufactured PFOA.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35 and, on that basis, denies the allegations.

36.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and, on that basis, denies the allegations.

37.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 37 and, on that basis, denies the allegations.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 37, which fails to identify a specific manufacturer, facility, or time period in which the alleged processes may have taken place, and, on that basis, denies the allegations.

38.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, which fails to identify a specific manufacturer, manufacturing process, facility, or time period in which the alleged processes may have taken place, and, on that basis, denies the allegations.

39.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39, and, on that basis, denies the allegations.

40.     The first and last sentences of Paragraph 40 concern matters that are the proper subject of expert testimony and, on that basis, Honeywell denies those allegations in Paragraph 40 prior to discovery and the disclosure of any such testimony.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in

Paragraph 40, which fail to identify a specific company, manufacturing facility, or time period in which the alleged processes may have taken place, and, on that basis, denies the allegations.

41.     Paragraph 41 concerns matters that are the proper subject of expert testimony and, on that basis, Honeywell denies the allegations in Paragraph 41 prior to discovery and the disclosure of any such testimony.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 41, and, on that basis, denies the allegations.

42.     The allegations in Paragraph 42 purport to characterize statements made by the EPA regarding a regarding a global stewardship program it purportedly implemented in 2006. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and, on that basis, denies the allegations.

43.     Denied.

44.     The allegations in the first sentence of Paragraph 44 reference and purport to characterize toxicology studies, which speak for themselves, and Honeywell refers the Court to those sources for a full recitation of their contents.  Further, Paragraph 44 concerns matters that are the proper subject of expert testimony and, on that basis, Honeywell denies the allegations in Paragraph 44 prior to discovery and the disclosure of any such testimony.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 44, and, on that basis, denies the allegations.

45.     The allegations in Paragraph 45 purport to reference and characterize epidemiological studies and EPA statements regarding PFOA, and Honeywell refers the Court to those documents and statements, which documents speak for themselves, for a full recitation of their contents.  Further, Paragraph 45 concerns matters that are the proper subject of expert

testimony and, on that basis, Honeywell denies the allegations in Paragraph 45 prior to discovery

and the disclosure of any such testimony.  Honeywell lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45, and, on that

basis, denies the allegations.

46.     The allegations in Paragraph 46 reference and purport to characterize and quote

statements made by the EPA Science Advisory Board in May 2006.  To the extent that such

statements are contained in documents, those documents speak for themselves, and Honeywell

refers the Court to those documents for a full recitation of their contents.  Honeywell lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

Paragraph 46, and, on that basis, denies the allegations.

47.     Denied.

48.     The allegations in Paragraph 48 purport to characterize a provisional health

advisory issued, and statements made, by EPA in 2009, which document speaks for itself,  and

Honeywell refers the Court to that provisional advisory and statements for a full recitation of

their contents.  Other than the existence of certain statements in that document, Honeywell lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

Paragraph 48, and, on that basis, denies the allegations.  Honeywell denies the remaining

allegations in Paragraph 48.

49.     The allegations in Paragraph 49 purport to reference and quote from a February

2014 Draft Health Effects Document for Perfluorooctanoic Acid authored by the EPA, and

Honeywell refers the Court to that document, which speaks for itself, for full recitation of its

content.  Other than the existence of certain statements in that document, Honeywell lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and, on that basis, denies the allegations.

50.     The allegations in Paragraph 50 purport to characterize a chronic health risk limit issued by the State of Minnesota, and Honeywell refers the Court to that assessment, which speaks for itself, for a full recitation of its contents.  Other than the existence of certain statements in that document, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and, on that basis, denies the allegations.

51.     The allegations in Paragraph 51 purport to characterize guidance issued by the State of New Jersey in 2013, and Honeywell refers the Court to that guidance, which speaks for itself, for a full recitation of its contents.  Other than the existence of certain statements in that document, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and, on that basis, denies the allegations.

52.     The allegations in Paragraph 52 reference and purport to characterize an advisory issued by the State of Vermont in 2016, and Honeywell refers the Court to that advisory, which speaks for itself, for a full recitation of its contents.  Other than the existence of certain statements in that document, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, and, on that basis, denies the allegations.

53.     The allegations in Paragraph 53 reference and purport to characterize a revised and non-enforceable provisional EPA health advisory in 2016, and Honeywell refers the Court to that advisory, which speaks for itself, for a full recitations of its contents.  Other than the existence of certain statements in that document, Honeywell lacks knowledge or information

12

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and, on that

basis, denies the allegations.

54.     Honeywell admits that PFOA was not regulated by the State of New York before

January 2016.  Honeywell denies the remaining allegations in Paragraph 54.

55.     Honeywell admits on information and belief that the Village of Hoosick Falls is

approximately 30 miles northeast of Albany, New York.  Honeywell lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in

Paragraph 55 and, on that basis, denies the allegations.

56.     Honeywell admits that the Village of Hoosick Falls operates a municipal water

system.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations in Paragraph 56 and, on that basis, denies the allegations.

57.     Honeywell lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 57 and, on that basis, denies the allegations.

58.     Honeywell admits that the Village is near the Town of Hoosick, is proximate to

Route 22, and is located in Rensselaer County.  Honeywell  lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58

and, on that basis, denies the allegations.

59.     Honeywell lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 59 and, on that basis, denies the allegations.

60.     Honeywell lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 60, which fails to identify a specific manufacturer,

facility, manufacturing process or time period in which the alleged processes may have taken

place, and, on that basis, denies the allegations.

61.     Honeywell admits that a small factory is located at 14 McCaffrey Street.  The remaining allegations in Paragraph 61 reference and purport to characterize and quote statements of New York State without reference to a particular document, time, or place that such statements were made.  To the extent that such statements are contained in a written document, Honeywell refers the Court to the operative document, which speaks for itself, for a full recitation of its contents.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 61 and, on that basis, denies the allegations.

62.     The allegations in Paragraph 62 reference an entity other than Honeywell, and therefore, no response is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 and, on that basis, denies the allegations.

63.     The allegations in Paragraph 63 reference entities other than Honeywell, and therefore, no response is required.  Further, the allegations in Paragraph 63 refer to the effect and construction of a legal instrument, to which no response is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and, on that basis, denies the allegations.

64.     The allegations in Paragraph 64 refer to the effect and construction of a legal instrument, and as a result, no response is required.  To the extent a response is required, Honeywell admits that AlliedSignal Laminate, or its predecessor, operated a facility at McCaffrey Street beginning in or after from approximately 1986 until in or around 1996.  Honeywell denies the remaining allegations in Paragraph 64.

65.     The allegations in Paragraph 65 refer to the effect and construction of a legal instrument, to which no response is required.  To the extent a response is required, Honeywell admits that AlliedSignal Laminate sold the McCaffrey Street facility, and transferred certain assets and liabilities, to Furon Company in or around 1996.  Honeywell denies the remaining allegations in Paragraph 65.

66.     The allegations in Paragraph 66 are not addressed to Honeywell and, as such, no responsive pleading is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 and, on that basis, denies the allegations.

67.     The allegations in Paragraph 67 are not addressed to Honeywell and, as such, no responsive pleading is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 and, on that basis, denies the allegations.

68.     To the extent that Paragraph 68 refers to other companies, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68, and, on that basis, denies the allegations.  Honeywell denies the remaining allegations of Paragraph 68, except admits on information and belief that operations at the McCaffrey Street facility at certain times may have included surface coating of fabric.

69.     To the extent that Paragraph 69 refers to other companies, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, and, on that basis, denies the allegations.  Honeywell denies the remaining allegations of Paragraph 69, except admits on information and belief that operations at the

McCaffrey Street facility at certain times included coating fabric by applying a liquid solution of polytetrafluoroethylene (PFTE) manufactured by third-party suppliers.

70.     To the extent that Paragraph 70 refers to other companies, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and, on that basis, denies the allegations.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to Allied-Signal in Paragraph 70, which does not identify a time period or location concerning the alleged processes, and, on that basis, denies the allegations.

71.     The allegations in Paragraph 71 concern matters that are the proper subject of expert testimony and, on that basis, Honeywell denies those allegations in Paragraph 71 prior to discovery and the disclosure of any such testimony.  In addition, to the extent Paragraph 71 refers to companies other than Honeywell, no response is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 that are directed to another company, and, on that basis, denies them; and Honeywell denies the remaining allegations in Paragraph 71.

72.     The allegations in Paragraph 72 concern matters that are the proper subject of expert testimony and, on that basis, Honeywell denies those allegations in Paragraph 72 prior to discovery and the disclosure of any such testimony.  In addition, to the extent Paragraph 71 refers to companies other than Honeywell, no response is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 that are directed to another company, and, on that basis, denies them; Honeywell denies the allegations in the last sentence of Paragraph 72; and Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in Paragraph 72, which do not identify a facility or time period with respect to the alleged processes and, on that basis, denies the allegations.

73.     The allegations in Paragraph 73 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 and, on that basis, denies the allegations.

74.     The allegations in Paragraph 74 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 and, on that basis, denies the allegations.

75.     The allegations in Paragraph 75 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 and, on that basis, denies the allegations.

76.     To the extent that Paragraph 76 refers to companies other than Allied-Signal, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations, except admits on information and belief that operations at the McCaffrey Street facility at certain times included coating fabric by applying a liquid solution of polytetrafluorethylene (PFTE) manufactured by third-party suppliers.

77.     To the extent that Paragraph 77 refers to companies other than Allied-Signal, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and, on that basis, denies the allegations.  Honeywell lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 77 as to Allied-Signal, which do not identify a facility, manufacturing process or time period, and on that basis, denies the allegations, except admits on information and belief that one or more curing ovens were used at certain times at the McCaffrey Street facility in certain operations.

78.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78, which do not identify a company, facility or time period and, on that basis, denies the allegations.

79.     To the extent that Paragraph 79 refers to other companies, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79, and, on that basis, denies the allegations.  On information and belief, Honeywell denies the remaining allegations in Paragraph 79.

80.     The allegations in Paragraph 80 concern matters that are the proper subject of expert testimony and, on that basis, Honeywell denies those allegations in Paragraph 80 prior to discovery and the disclosure of any such testimony.  In addition, to the extent Paragraph 80 refers to another company, no response is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 that are directed to another Defendant, and, on that basis, denies them; denies the allegations in the last sentence of Paragraph 80; and Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 80 and, on that basis, denies the allegations.

81.     The allegations in Paragraph 81 reference and purport to characterize statements of New York State.  To the extent that such statements are contained in a written document,

Honeywell refers the Court to the operative document, which speaks for itself, for a full recitation of its contents. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 and, on that basis, denies the allegations.

82. To the extent this paragraph refers to a company other than Honeywell, no response is required. Honeywell admits that a facility is located at 1 Liberty Street ("Liberty Street Site") and that DEC, Honeywell, and Saint-Gobain have entered into an administrative order on consent, which identifies the 1 Liberty Street Site as a "p-site." To the extent that Paragraph 82 purports to characterize the administrative order on consent, Honeywell refers the Court to the administrative order on consent, which speaks for itself, for a full recitation of its contents. Honeywell further admits that AlliedSignal Laminate, or its predecessor, previously owned and at times engaged in certain operations at a facility located at 1 Liberty Street. Honeywell denies the remaining allegations of Paragraph 82.

83. The allegations in Paragraph 83 are not addressed to Honeywell and, as such, no responsive pleading is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 and, on that basis, denies the allegations.

84. Honeywell admits that former facilities were located at John Street and River Road respectively, and that AlliedSignal Laminate, or its predecessor, previously engaged in certain operations at facilities on John Street and River Road. Honeywell further admits that an administrative consent order between DEC and Honeywell states that the John Street site and River Road site are "p-sites," and that environmental investigation of those sites is ongoing.

Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 84 and, on that basis, denies the allegations.

85.     The allegations in Paragraph 85 reference and purport to characterize statements and actions of DEC, without identifying specific documents containing such statements or the time and place such statements were made.  The last sentence of Paragraph 85 concerns matters that are the proper subject of expert testimony and, on that basis, Honeywell denies the allegations in Paragraph 85 prior to discovery and the disclosure of any such testimony. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 and, on that basis, denies them.

86.     To the extent that Paragraph 86 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86, and, on that basis, denies the allegations.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 as to Honeywell and, on that basis, denies them.

87.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 and, on that basis, denies the allegations.

88.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 and, on that basis, denies the allegations.

89.     Honeywell admits on information and belief that the Village conducted tests of certain Hoosick Falls municipal wells in 2014, and refers the Court to the test reports, which speak for themselves, for a full recitation of the purported results and testing methodology. Honeywell lacks knowledge or information sufficient to form a belief as to the accuracy of the

test results and, on that basis, denies the allegations.  Honeywell denies the remaining allegations of Paragraph 89.

90.     The allegations in Paragraph 90 reference and purport to characterize actions and statements of the Hoosick Falls Water Department.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 and, on that basis, denies the allegations.

91.     The allegations in Paragraph 91 reference and purport to characterize correspondence received by the Village of Hoosick Falls.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 and, on that basis, denies the allegations.

92.     The allegations in Paragraph 92 reference and purport to characterize test results received by the Village of Hoosick Falls.  Honeywell refers the Court to the test reports, which speak for themselves, for a full recitation of the purported results and testing methodology. Honeywell lacks knowledge or  information sufficient to form a belief as to the accuracy of the test results and, on that basis, denies the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 reference and purport to characterize test results received by the Village of Hoosick Falls.  Honeywell refers the Court to the test reports, which speak for themselves, for a full recitation of the purported results and testing methodology. Honeywell lacks knowledge or information sufficient to form a belief as to the accuracy of the test results and, on that basis, denies the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 reference and purport to characterize actions of and correspondence received by the Village of Hoosick Falls, Honeywell refers the Court to the correspondence and test results, which speak for themselves, for a full recitation of their

contents, purported results and testing methodology.  Honeywell lacks knowledge or information sufficient to form a belief as to the accuracy of the test results or the truth or falsity of the remaining allegations in Paragraph 94 and, on that basis, denies the allegations.

95.     The allegations in Paragraph 95 reference and purport to characterize statements of the Village of Hoosick Falls, without specifying the time, location or manner in which such statements were made.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 and, on that basis, denies the allegations.

96.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 and, on that basis, denies the allegations.

97.     The allegations in Paragraph 97 reference and purport to characterize statements made by the EPA on November 25, 2015 without referencing the manner in which such statements were made.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 and, on that basis, denies the allegations.

98.     The allegations in Paragraph 98 reference and purport to quote from a fact sheet released by the New York State Department of Health ("DOH") in early December 2015.  Honeywell refers the Court to the fact sheet, which speaks for itself, for a full recitation of its contents.  Other than the fact that the fact sheet contains certain statements, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 and, on that basis, denies the allegations.

99.     The allegations in Paragraph 99 reference and purport to characterize actions and statements of Village of Hoosick Falls officials.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 and, on that basis, denies the allegations.

100.    The allegations in Paragraph 100 reference and purport to characterize statements made by the EPA on December 17, 2015, without identifying the manner in which such statements were made.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 and, on that basis, denies the allegations.

101.    The allegations in Paragraph 101 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 and, on that basis, denies the allegations.

102.    The allegations in Paragraph 102 reference and purport to characterize statements made by the EPA on December 17, 2015, without specifying the manner in which such statements were made.  The remaining allegations of Paragraph 102 are not addressed to Honeywell and, as such, no responsive pleading is required.  To the extent a response is required, Honeywell admits on information and belief that Saint-Gobain has been providing free bottled water to residents of the Village and Town of Hoosick since approximately November 2015, and in late 2015 was working to install upgrades to the drinking water treatment system.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 102 and, on that basis, denies the allegations.

103.    The allegations in Paragraph 103 reference and purport to characterize actions of a community group, EPA, DOH and DEC.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 and, on that basis, denies the allegations.

104.    The allegations in Paragraph 104 reference and purport to characterize statements of and correspondence from New York State and state officials on January 14, 2016.  Honeywell

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 and, on that basis, denies the allegations.

105.    The allegations in Paragraph 105 reference and purport to characterize statements of residents and New York State officials.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 and, on that basis, denies the allegations.

106.    The allegations in Paragraph 106 reference and purport to characterize actions of the DOH.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106 and, on that basis, denies the allegations.

107.    The allegations in Paragraph 107 reference and purport to characterize actions of the DOH.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 and, on that basis, denies the allegations.

108.    The allegations in the first five sentences of Paragraph 108 reference and purport to characterize and quote an email sent to DOH in mid-January and subsequent results of tests performed by DOH or its consultants.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first five sentences of Paragraph 108 and, on that basis, denies the allegations.  To the extent that the last sentence of Paragraph 108 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 108, and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 108.

109.    The allegations in Paragraph 109 reference and purport to characterize statements of the Hoosick Falls school district on January 22, 2016.  Honeywell lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109 and, on that basis, denies the allegations.

110.    The allegations in Paragraph 110 reference and purport to characterize statements of Governor Cuomo and the New York State Health Commissioner.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 and, on that basis, denies the allegations.

111.    The allegations in Paragraph 111 reference and purport to characterize statements of Governor Cuomo.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 and, on that basis, denies the allegations, except that Honeywell admits that the State of New York issued in 2016 a temporary regulation designating PFOA as a hazardous substance under 6 NYCRR Part 597.

112.    The allegations in Paragraph 112 reference and purport to characterize statements of EPA.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 and, on that basis, denies the allegations.

113.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 and, on that basis, denies the allegations.

114.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114 and, on that basis, denies the allegations.

115.    Denied.

116.    The allegations in Paragraph 116 reference and purport to quote and characterize statements of Senator Schumer on or around February 1, 2016.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 and, on that basis, denies the allegations.

117.    The allegations in Paragraph 117 reference and purport to characterize news reports on February 5, 2016, and Honeywell refers the Court to the news reports, which speak for themselves, for a full recitation of their contents.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 and, on that basis, denies the allegations.

118.    The allegations in Paragraph 118 reference and purport to characterize statements of DEC on February 11, 2016, without identifying the manner and place in which such statements were made.  Honeywell admits that it has entered into an administrative consent order with DEC and Saint-Gobain to conduct environmental investigation at a site on McCaffrey Street in Hoosick Falls and to take certain other actions.  Honeywell refers the Court to the consent order, which speaks for itself, for a full recitation of its contents.  Honeywell denies the remaining allegations in Paragraph 118.

119.    The allegations in Paragraph 119 reference and purport to characterize statements of DEC on February 11, 2016, without specifying the manner and place in which such statements were made.  Honeywell admits that it has entered into an administrative consent order with DEC and Saint-Gobain to conduct environmental investigation at a site on McCaffrey Street  in Hoosick Falls and to take certain other actions.  Honeywell refers the Court to the consent order, which speaks for itself, for a full recitation of its contents.  Honeywell denies the remaining allegations in Paragraph 119.

120.    The allegations in the first sentence of Paragraph 120 reference and purport to characterize actions of DOH on February 13, 2016.  Honeywell admits that DOH offered blood testing to certain residents in the vicinity of Hoosick Falls in or about 2016.   Honeywell lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 120, and, on that basis, denies the allegations.

121.    Honeywell admits on information and belief that a temporary granular activated carbon ("GAC") water treatment system installed at the Hoosick Falls municipal water treatment plant was fully operational on or about February 24, 2016.  Honeywell further admits that in the summer of 2016 it was expected that a full capacity GAC treatment system would be fully operational by December 31, 2016, subject to approval for use by DOH, and that by February 2017 a full capacity GAC treatment system was approved by DEC and DOH, and was fully operational.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 121 and denies the remaining allegations in Paragraph 121.

122.    The allegations in Paragraph 122 reference and purport to characterize results disclosed on February 26, 2016 of private well testing performed by the State.  Honeywell refers the Court to the test reports, which speak for themselves, for a full recitation of the purported results and testing methodology.  Honeywell lacks knowledge or information sufficient to form a belief as to the accuracy of the test results and, on that basis, denies the allegations.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 122 and, on that basis, denies the allegations.

123.    Honeywell admits on information and belief that the DEC has made several announcements regarding its installation of more than 800 POET systems on private wells since on or about February 2016.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 123 and, on that basis,

denies the allegations, except admits that POET systems have been installed on some private wells in and around the Town of Hoosick Falls.

124.     The allegations in Paragraph 124 reference and purport to characterize test results disclosed in early March 2016.  Honeywell admits that the state publicly reported results from sampling the Hoosick Falls Water Treatment Plant, and refers the Court to the test reports, which speak for themselves, for a full recitation of the purported results and testing methodology. Honeywell lacks knowledge or  information sufficient to form a belief as to the accuracy of the test results and, on that basis, denies the allegations.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 124 and, on that basis, denies the allegations.

125.     The allegations in the first sentence of Paragraph 125 reference and purport to characterize statements of DEC on June 3, 2016, without specifying the manner in which such statements were made.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 125 and, on that basis, denies the allegations.  The allegations in the second sentence of Paragraph 125 reference and purport to characterize two administrative consent orders into which Honeywell entered with the DEC in June 2016, which speak for themselves.  Honeywell denies the remaining allegations in Paragraph 125.

126.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 and, on that basis, denies the allegations, except admits on information and belief that, on or about June 2, 2016, DOH announced the results of certain blood testing.

127.     The allegations in the second and third sentences of Paragraph 127 reference and purport to characterize statements of DOH, without specifying the manner in which such statements were made.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 127 and, on that basis, denies the allegations. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 127 and, on that basis, denies the allegations.

128.     Paragraph 128 concerns matters that are the proper subject of expert testimony. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128 and, on that basis, denies the allegations.

129.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129 and, on that basis, denies the allegations.

130.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130 and, on that basis, denies the allegations.

131.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 131 and, on that basis, denies the allegations.  The allegations in the second sentence of Paragraph 131 reference and purport to characterize actions and statements of New York State.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 131 and, on that basis, denies the allegations.

132.     The allegations in the first two sentences of Paragraph 132 reference and purport to characterize statements of Senator Gillibrand.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, on that basis, denies

29

the allegations.  To the extent the allegations in the last sentence of Paragraph 132 are addressed

to entities other than Honeywell, no responsive pleading on the part of Honeywell is required.

Honeywell admits that Plaintiffs seek in this lawsuit medical monitoring damages, that at this

early stage of the legal proceedings it has not been established that any plaintiff is legally entitled

to such damages, and that a biomonitoring program the same as that implemented for the first

responders following the 9/11 World Trade Center attacks has not been implemented.

Honeywell denies the remaining allegations in Paragraph 132.

## CLASS ACTION ALLEGATIONS

133.    Honeywell incorporates by reference its responses to Paragraphs 1 through 132 as

if fully set forth herein.

134.    Paragraph 134 is descriptive of Plaintiffs' claims and alleges legal conclusions to

which no responsive pleading is required.  To the extent any response is required, Honeywell

admits that Plaintiffs purport to bring this lawsuit as a class action pursuant to Federal Rules of

Civil Procedure 23(a), 23(b)(2), and (b)(3) and denies the remaining allegations in Paragraph

134.

135.    Paragraph 135 is descriptive of Plaintiffs' claims and, as such, no responsive

pleading is required.  In addition, Paragraph 135 refers to a "Municipal Water Nuisance Class,"

the claims of which were dismissed by Order of this Court on February 6, 2017, and as such, no

responsive pleading regarding that putative class is required.  To the extent any response is

required, Honeywell admits that Plaintiffs purport to bring this lawsuit on behalf of the putative

classes described in Paragraph 135, denies that any of the putative classes should be certified,

and denies the remaining allegations in Paragraph 135.

136.    Paragraph 136 is descriptive of Plaintiffs' claims and, as such, no responsive pleading is required.  To the extent any response is required, Honeywell admits that Plaintiffs purport to refer to the water system operated by the Village of Hoosick when using the phrase "municipal water system," and denies the remaining allegations in Paragraph 136.

137.    Paragraph 137 is descriptive of Plaintiffs' claims and, as such, no responsive pleading is required.  To the extent any response is required, Honeywell admits that Plaintiffs purport to exclude specified entities and individual from the putative classes, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and, on that basis, denies them.

138.    Paragraph 138 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required.  To the extent any response is required, Honeywell denies the allegations in Paragraph 138

### Numerosity

139.    The allegations in the first and last sentences of Paragraph 139 state legal conclusions to which no responsive pleading is required.  To the extent any response is required, Honeywell denies the allegations in the first and last sentences of Paragraph 139.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 139, and, on that basis, denies them.

140.    Paragraph 140 alleges a legal conclusion to which no responsive pleading is required.  To the extent any response is required, Honeywell denies the allegations in Paragraph 140.

### Typicality

141.    Denied.

142.    Denied.

## Adequate Representation

143.    Honeywell admits that the last sentence of Paragraph 143 refers to the Court's July 27, 2016 Decision and Order consolidating this Complaint, refers the Court to that Order. Honeywell denies the remaining allegations in Paragraph 143.

144.    The last sentence in Paragraph 144 alleges a legal conclusion to which no responsive pleading is required.  To the extent any response is required, Honeywell denies the allegations in the last sentence of Paragraph 144.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 144, and, on that basis, denies them.

## Predominance of Common Questions

145.    Denied.

## Superiority

146.    Denied.

147.    Denied.

148.    Denied.

## Rule 23(b)(2) Injunctive or Declaratory Relief

149.    Denied.

150.    Paragraph 150 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required.  To the extent any response is required, Honeywell admits that Plaintiffs seeks certain injunctive relief, denies that Plaintiffs are entitled to any such relief, and denies the remaining allegations in Paragraph 150.

151.     Paragraph 151 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required.  To the extent any response is required, Honeywell admits that Plaintiffs seeks certain declaratory relief, denies that Plaintiffs are entitled to any such relief, and denies the remaining allegations in Paragraph 151.

### Rule 23(c)(4) Certification of Particular Issues

152.     Paragraph 152 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required.  To the extent any response is required, Honeywell admits that Plaintiffs seeks certification under Rule 23(c)(4), denies that any such certification is appropriate, and denies the remaining allegations in Paragraph 152.

153.     Denied.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

#### Negligence

154.     Honeywell incorporates by reference its responses to Paragraphs 1 through 153 as if fully set forth herein.

155.     Paragraph 155 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required.  To the extent a response is required, Honeywell denies the allegations.

156.     To the extent Paragraph 156 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 156 as to Honeywell.

157.    To the extent Paragraph 157 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 157 as to Honeywell.

158.    To the extent Paragraph 158 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 158 as to Honeywell.

159.    To the extent Paragraph 159 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 159 as to Honeywell.

160.    Paragraph 160 alleges a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Honeywell denies the allegations in Paragraph 160 as to Honeywell and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160 as to another company and, on that basis, denies the allegations.

161.    Paragraph 161 alleges a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Honeywell denies the allegations in Paragraph 161 as to Honeywell, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161 as to another company and, on that basis, denies the allegations.

162.    To the extent Paragraph 162 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 162 as to Honeywell.

163.    To the extent Paragraph 163 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 163 as to Honeywell.

164.    To the extent Paragraph 164 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 164 as to Honeywell.

165.    To the extent Paragraph 165 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 165 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 165 as to Honeywell.

166.    To the extent Paragraph 166 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 166 as to Honeywell.

## SECOND CLAIM FOR RELIEF

### Private Nuisance

167.     Honeywell incorporates by reference its responses to Paragraphs 1 through 166 as if fully set forth herein.

168.     Paragraph 168 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required.  Further, Paragraph 135 refers to a "Municipal Water Nuisance Class," the claims of which were dismissed by Order of this Court on February 6, 2017, and as such, no responsive pleading regarding that putative class is required.

169.     To the extent Paragraph 169 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 169 as to Honeywell.

170.     To the extent Paragraph 170 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 170 as to Honeywell.

171.     To the extent Paragraph 171 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 171 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 171 as to Honeywell.

172.     To the extent Paragraph 172 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

Paragraph 172 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 172 as to Honeywell.

## THIRD CLAIM FOR RELIEF

### Trespass

173.    Honeywell incorporates by reference its responses to Paragraphs 1 through 172 as if fully set forth herein.

174.    Paragraph 168 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required.

175.    Paragraph 175 states legal conclusions to which no responsive pleading is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175 and, on that basis, denies the allegations.

176.    To the extent Paragraph 176 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 176 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 176 as to Honeywell.

177.    To the extent Paragraph 177 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 177 as to Honeywell.

178.    To the extent Paragraph 178 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

Paragraph 178 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 178 as to Honeywell.

## FOURTH CLAIM FOR RELIEF

### Strict Liability for Abnormally Dangerous Activity

179.    Honeywell incorporates by reference its responses to Paragraphs 1 through 178 as if fully set forth herein.

180.    Paragraph 180 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required.

181.    To the extent Paragraph 181 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 181 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 181 as to Honeywell.

182.    To the extent Paragraph 182 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 182 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 182 as to Honeywell.

183.    To the extent Paragraph 183 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183 and, on that basis, denies the allegations.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 183, except admits that New York State has listed the McCaffrey Street Site in its Registry of Inactive Hazardous Waste Disposal Sites in New York State and that New

York State has classified one of more other facilities in and around Hoosick Falls as p-sites. Honeywell denies the remaining allegations of Paragraph 183 as to Honeywell.

184.    To the extent Paragraph 184 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 184 as to Honeywell.

## DAMAGES SOUGHT BY THE CLASS

185.    Honeywell incorporates by reference its responses to Paragraphs 1 through 184 as if fully set forth herein.

186.    Honeywell denies the allegations in the first and second sentences of Paragraph 186.  The remainder of Paragraph 186 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required.  To the extent a response is required, Honeywell denies that Plaintiffs or the putative classes are entitled to any of the relief they seek against it, and denies the remaining allegations in Paragraph 186.

187.    Paragraph 187 is descriptive of Plaintiffs' claims and, as such, no responsive pleading is required.  To the extent a response is required, Honeywell denies that Plaintiffs or the putative classes are entitled to any of the damages they seek against it, and denies the remaining allegations in Paragraph 187.

188.    To the extent Paragraph 188 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 188 and, on that basis, denies the allegations.  Honeywell denies the allegations in Paragraph 188 as to Honeywell.

189.    Paragraph 189 is descriptive of Plaintiffs' claims and requests for relief and, as such, no responsive pleading is required.  To the extent a response is required, Honeywell denies that Plaintiffs or the putative classes are entitled to any of the injunctive or other relief they seek against it, and denies the remaining allegations in Paragraph 189.

## JURY TRIAL AND DEMAND AND PRAYER FOR RELIEF

The remainder of the Complaint consists of a prayer for relief, as to which no response is required.  To the extent a response is required, Honeywell denies any remaining allegations in the Complaint and denies that Plaintiffs are entitled to any relief against Honeywell.  Honeywell denies any allegations not expressly admitted above.

## AFFIRMATIVE DEFENSES

Honeywell sets forth the following Affirmative Defenses that it may assert based on the facts alleged in the action or based on further discovery of additional facts.  Honeywell does not assume any burden of proof not otherwise required by law, and undertakes the burden of proof only as to those defenses deemed "Affirmative" Defenses by law, regardless of how such defenses are denominated herein.  Honeywell reserves its right to assert further defenses that may become apparent in the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, repose, and/or the equitable defenses of laches.

### THIRD AFFIRMATIVE DEFENSE

Honeywell is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

### FOURTH AFFIRMATIVE DEFENSE

Honeywell denies any liability, but in the event Honeywell is found to have any liability to Plaintiffs, Honeywell is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Amended Complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Amended Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue

41

with respect to any of the injuries, costs, damages and expenses alleged in the Amended
Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs or putative class members lack standing to bring some or all of their claims.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the representative parties do not raise questions of law or fact common to
the questions of law or fact raised by the claims of each member of the purported class, and any
factual and legal issues that are common do not predominate over non-common issues.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of the representative parties are not typical of the claims of each member of
the purported class.

### EIGHTH AFFIRMATIVE DEFENSE

The representative parties cannot fairly and adequately protect and represent the interests
of each member of the purported class.

### NINTH AFFIRMATIVE DEFENSE

No class can be certified because none of the criteria of Federal Rules of Civil Procedure
23(b)(2), 23(b)(3) or 23(c) has been or can be satisfied.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs or putative class members have split their claims, Plaintiffs'
or putative class members' claims are barred in whole, or in part, by the
doctrine prohibiting claim splitting.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' losses or injuries, or the losses or injuries of putative class members, if any,
were caused or contributed to by the intervening acts of third parties.

## TWELFTH AFFIRMATIVE DEFENSE

Any costs alleged to be incurred in the future may not be recovered as they are remote, speculative, and contingent.

## THIRTEENTH AFFIRMATIVE DEFENSE

The relief that Plaintiffs seek, in whole or in part, violates Defendants' constitutional due process rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' or putative class members' claims are barred in whole, or in part, by the statutory bar set forth in Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9613(h), or by the doctrine of federal preemption, including pursuant to any applicable statues, regulations or guidance.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, as well as some or all of the claims of those persons Plaintiffs purport to represent, are not amenable to judicial resolution because of the primary jurisdiction doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims, as well as some or all of the claims of those persons Plaintiffs purport to represent, are barred by the state-of-the-art doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

While Honeywell denies that any nuisance exists, to the extent that any nuisance is found to exists, some or all of the Plaintiffs' claims, as well as some or all of the claims of those persons Plaintiffs purport to represent, are barred by the doctrine of coming-to-the-nuisance doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims made by the Plaintiffs, as well as some or all of the claims of those persons Plaintiffs purport to represent, are barred by Honeywell's compliance with all applicable state and federal laws and orders.

## NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, as well as some or all of the claims of those persons Plaintiffs purport to represent, are moot to the extent that remediation has been undertaken.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' or putative class members' claims are barred by the economic loss rule.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, by the doctrine of avoidable consequences and by Plaintiffs' failure to mitigate their damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or violate the due process protections afforded by the Unites States Constitution and the Constitution of the State of New York, including without limitation the Fifth, Eighth and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, Article I of the New York State Constitution, and other applicable provisions of the Constitution of the State of New York or any other state whose laws may apply.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs or putative class members do not meet the requirements for the remedy of medical monitoring.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Honeywell denies any and all liability/responsibility for Plaintiffs' alleged increased risk, but, in the event that Honeywell is required to fund a medical monitoring regime it is entitled to a set-off, or reduction in funding obligations, for any and all monitoring that would otherwise be covered by insurance or other collateral sources.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, as well as some or all of the claims of those persons Plaintiffs purport to represent are barred, in whole or in part, to the extent that Plaintiffs or those persons Plaintiffs purport to represent have already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised or waived their claims against Honeywell.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common-law or statutory doctrine.

## RESERVATION OF DEFENSES

Honeywell adopts all applicable defenses set forth in the answers of all other defendants in this case, except to the extent that they would impose liability on Honeywell and, further, reserves the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary liability or damages, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

Honeywell hereby demands a trial by jury on all issues so triable.

Dated:  February 27, 2017

Respectfully submitted,

*/s/ Elissa J. Preheim*
Michael D. Daneker (107356)
Elissa J. Preheim (107355)
Allyson Himelfarb (107357)
Tal Machnes (519954)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Michael.Daneker@aporter.com
Elissa.Preheim@aporter.com
Allyson.Himelfarb@aporter.com
Tal.Machnes@aporter.com

Dale Desnoyers (103795)
**ALLEN & DESNOYERS LLP**
90 State Street, Suite 1009
Albany, NY 12207
Telephone: (518) 426-2288
Facsimile: (518) 426-2299
dale@allendesnoyers.com

*Attorneys for Defendant Honeywell International Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify on this 27th day of February, 2017, this document was filed through the

Electronic Case Filing System of the United States District Court for the Northern District of

New York and will be served electronically by the court to the Registered Participants identified

in the Notice of Electronic Filing (NEF).

*/s/ Elissa J. Preheim*_____

Elissa J. Preheim
