**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELE BAKER, *et al.*, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>SAINT-GOBAIN PERFORMANCE PLASTICS CORP., HONEYWELL INTERNATIONAL INC. f/k/a ALLIED-SIGNAL INC. and/or ALLIEDSIGNAL LAMINATE SYSTEMS, INC., E. I. DUPONT DE NEMOURS AND COMPANY and 3M CO.,<br><br>              Defendants. | Civil Action No. 1:16-CV-917 (LEK/DJS) |

## [PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

WHEREAS, on February 21, 2018, the Court entered a Stipulated Protective Order of Confidentiality in the above-captioned matter (Dkt. 49);

WHEREAS, on October 9, 2018, the Court entered a Standing Order Regarding Hoosick Falls PFOA Cases (Dkt. 72), which was amended on May 8, 2019 (Dkt. 117) (the "Standing Coordination Order"), which ordered a process for coordinated discovery among certain "Affected Cases" as defined in the Standing Order, and ordered that disclosure of confidential information in the Affected Cases shall be conducted subject to the requirements of the Stipulated Protective Order of Confidentiality in the above-captioned matter and any further modifications or amendments thereto, which shall be entered in each of the Affected Cases and bind all parties thereto;

WHEREAS, on December 17, 2018, Plaintiffs filed a First Amended Master Consolidated Class Action Complaint in the above-captioned matter naming E. I. du Pont de Nemours and

Company ("DuPont") and 3M Company ("3M") as additional defendants, necessitating certain amendments to the existing Protective Order as reflected herein;

WHEREAS, the parties to the above-captioned matter believe that one or more of them may be required to disclose to another party trade secrets, proprietary business information, and/or confidential personal or business information relating to the subject matter of this action;

WHEREAS, the parties recognize that Confidential, Highly Confidential – Attorneys' Eyes Only, and Export Control Information may be produced by a party or a non-party, and the parties seek to facilitate the production and protection of such Confidential, Highly Confidential and Export Control Information;

WHEREAS, the parties desire to protect Confidential, Highly Confidential – Attorneys' Eyes Only, and Export Control Information from unauthorized use and inappropriate disclosure, and to ensure that no advantage is gained by any party by the use of such Confidential, Highly Confidential and Export Control Information that could not have been gained had discovery in this action not occurred; and

WHEREAS, to expedite the flow of discovery material, facilitate the prompt resolution of any disputes over confidentiality, and adequately protect material that is entitled to be kept confidential, the parties have consented to the entry of this Amended Stipulated Protective Order of Confidentiality ("Amended Protective Order") pursuant to Federal Rule of Civil Procedure 26(c).

IT IS HEREBY ORDERED as follows:

## I.    <u>DEFINITIONS</u>

A.    **"Confidential Information"** means any information that the producing party reasonably and in good faith believes should be subject to a protective order under Federal Rule

of Civil Procedure 26(c)(1) or other state or federal law, including but not limited to trade secret or other confidential research, development, or commercial information. Confidential Information may include research, testing, and development; business and marketing strategy; regulatory compliance and communications; non-public financial information and projections; risk assessment and analysis; trade secrets, proprietary business records, and other intellectual property; supplier and customer lists or information; cost, pricing, sales, or production data; sensitive personal information, including Social Security Numbers, health information relating to the past, present, or future physical or mental health or condition of an individual or the provision of health care to an individual; personal financial information such as tax information, bank account numbers, or credit card numbers; or any other information that a party is obligated to preserve as confidential; and all information compiled, derived, excerpted, or generated from such materials.

      B.    **"Highly Confidential – Attorneys' Eyes Only Information"** means information designated as "Highly Confidential – Attorneys' Eyes Only" by the producing party that the producing party in good faith believes could reasonably result in commercial, financial, or business injury to the producing party (other than injury to the producing party's position in this case) in the event of the disclosure, dissemination, or use by or to any of the persons not enumerated in Paragraph II(E). For purposes of the Litigation (as defined herein), the designation "**Highly Confidential – Attorneys' Eyes Only**" may also extend to certain sampling data collected by or on behalf of the New York State Department of Health ("DOH") and/or New York State Department of Environmental Conservation ("DEC") that may contain highly confidential and nonpublic personal information. By extending the "Highly Confidential – Attorneys' Eyes Only" designation to such data, however, the parties do not intend to presumptively qualify all

nonpublic personal information as "Highly Confidential- Attorneys' Eyes Only" in this Litigation. The designation of these particular documents or data as Highly Confidential does not modify the use or protections of any separate productions or agreements that any party has or will enter with these non-parties. For purposes of the Litigation, the designation "**Highly Confidential – Attorneys' Eyes Only"** also includes information which, if disclosed, disseminated, or used by or to a Competitor (as defined herein) of the Producing Party could reasonably result in possible antitrust violations or commercial, financial, or business harm.

C.      As the term relates to Defendant Saint-Gobain, a **"Competitor"** is defined by Saint-Gobain for purposes of this matter and this Agreement to be a person or entity that is involved (whether directly or via corporate affiliate) in (i) the manufacture, distribution, or sale of PTFE-coated fabrics, films, tapes, or other PTFE-treated materials, such as foams; (ii) manufacture, distribution, or sale of building and construction materials, glass and glazing, ceramics, and abrasives; (iii) and any defense contractors. As the term relates to Defendant 3M, a **"Competitor"** is defined by 3M for purposes of this matter and this Agreement to be a person or entity that is involved (whether directly or via a corporate affiliate) in the development, manufacture, distribution and/or sale of (i) fluorochemicals for industrial uses, including but not limited to as surfactants, emulsifiers, dispersion aids and/or wetting agents; (ii) fluoropolymer products, including but not limited to polymer processing additives, fluoroelastomers, perfluoroelastomers, fluoroplastics, fluorothermoplastics and PTFE; (iii) fluorinated and perfluorinated chemistries and/or (iv) PTFE-coated fabrics, films, tapes, metals, wires, pastes, and/or PTFE-related materials. As the term relates to Defendant Honeywell for purposes of this matter and this Agreement a **"Competitor"** is a person or entity identified as such by Honeywell, to be determined on a case-by-case basis. As the term relates to Defendant DuPont, for purposes of this matter and this

Agreement, a "Competitor" is a person or entity identified as such by DuPont, to be determined on a case-by-case basis.

D.    **"Export Control Information"** means documents, information, and any other material designated as export control in accordance with this Order unless (a) the party that designated the material or information withdraws the export control designation, or (b) the Court has determined, after an in camera inspection, that the material or information does not constitute export control material or information.

E.    A party may only designate a document or information "Export Control Information" if it has a good-faith basis to believe that the document or information is subject to United States' export control law and regulations. The regulatory obligations with regard to such documents are specified, respectively, in the Export Administration Regulations ("EAR") at 15 C.F.R. Parts 730-772, and the International Traffic in Arms Regulations ("ITAR") at 22 C.F.R. Parts 120-130. For any document designated as Export Control Information, the Producing Party must: (i) produce such documents in a segregated production containing only Export Control Information; (ii) specifically inform all receiving parties of the intent to produce Export Control Information; and (iii) include in the production of Export Control Information metadata sufficient to show the basis upon which the documents is subject to ITAR and/or EAR. Further, when a Producing Party produces document(s) that it believes to be subject to an Expert Control designation, the Producing Party will likewise simultaneously provide a description log to the receiving parties that provides the basis(es) upon which the document(s) is subject to a claim of ITAR and/or EAR and which precisely identifies the bates number of such document(s).

F.    **"Stamped Confidential/Export Control Document"** means any document that bears the mark "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"; "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER";
"EXPORT CONTROL DOCUMENT – SUBJECT TO PROTECTIVE ORDER" or that is
otherwise marked in a way that brings its attention to a reasonable examiner to signify that it contains
Confidential or Export Control Information subject to protection. For purposes of this Order, the term
"document" means all written, recorded, or graphic material as described and defined in Fed. R. Evid.
1001 and includes electronically stored information. Interrogatory answers, responses to requests for
admission, deposition videos, deposition transcripts and exhibits, pleadings, motions, affidavits, as
well as briefs that quote, summarize, or contain Confidential, Highly Confidential – Attorneys' Eyes
Only or Export Control Information may be afforded status as a Stamped Confidential/Export
Control Document, but, to the extent feasible, shall be prepared in such a manner that the
Confidential, Highly Confidential–Attorneys' Eyes Only, or Export Control Information is
provided separately from material that is not entitled to protection.

G.     **"Producing Party"** means the party or non-party (including any third party) that
produced the Stamped Confidential/Export Control Document(s).

H.     **"Litigation"** means the above-captioned matter and any other of the "Affected
Cases" now or becoming specifically subject to the Standing Coordination Order, and may also
include, by prior written agreement between all parties, other litigations with Defendants as parties
and alleging PFOA releases in the area of Hoosick Falls, New York.

I.     The designation of a document as a Stamped Confidential/Export Control
Document is a representation that the document has been reviewed by an attorney representing the
Party making the designation or by a designated reviewer under the direction of counsel and that
there is a good faith basis for such designation.

J.      To the extent that any Defendant reproduces documents it previously produced in other litigations, all such documents previously marked "Confidential," "Highly Confidential – Attorneys' Eyes Only" and Export Control will retain those designations. If the Producing Party desires to change the confidentiality designation for any document it produced in another litigation that is reproduced in this Action, the Producing Party will change the marking on the document to reflect the designation being made in this Action. This provision does not make discoverable any documents that would not otherwise be subject to discovery in this Litigation.

K.      Except as set forth below in Section XII, "Inadvertent Production or Disclosure of Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information," this Agreement does not permit a party to retroactively designate documents as "Highly Confidential – Attorneys' Eyes Only" that have been produced in this litigation with a different designation and/or with no designation.

L.      Any non-party who may be called upon to make discovery herein or provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device is entitled to avail itself of the provisions and protections of this Amended Protective Order. All material designated by the non-party as Confidential Information, Highly Confidential – Attorneys' Eyes Only, or Export Control Information will be treated in the same manner and fashion as any Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information produced by the parties herein. This provision does not make any documents discoverable or otherwise available to non-parties.

M.      **"Privileged Material"** means any document or information that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity, including,

without limitation, the attorney-client privilege, the work product immunity, or the joint defense or common interest privilege.

## II.  NON-DISCLOSURE OF CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, OR EXPORT CONTROL INFORMATION

A.      Except by prior written consent of the Producing Party, as provided in this Order, or as may be ordered by the Court, Confidential, Highly Confidential – Attorneys' Eyes Only, and Export Control Information may not be disclosed by a non-Producing Party to any person except as described below.

B.      Confidential Information may be disclosed by a non-Producing Party only to:

1.      The parties and counsel of record for the parties in the Litigation, including attorneys, secretaries, paralegal assistants, and other employees of such counsel, and the in-house counsel and other legal professionals of such parties, only to the extent reasonably necessary to render professional services in the Litigation, and for use exclusively in the Litigation and for no other purpose. No Confidential Information may be disclosed to any putative class member other than the named Plaintiffs.

2.      Judges, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in the Litigation.

3.      Other persons who may be designated by prior written consent of the Producing Party or pursuant to Court order but only for purposes of the Litigation and for no other purpose, provided that such persons agree in writing in advance to be subject to the terms and requirements of this protective order.

4.      Witnesses during depositions and trial testimony in the Litigation, subject to Section IV below.

C.      Subject to subparagraph D, Confidential Information may also be disclosed by a non-Producing Party for purposes of the Litigation and for no other purpose to:

1.      Persons noticed for depositions or designated as trial witnesses in the Litigation to the extent reasonably necessary to prepare such persons to testify;

2.      Consultants or experts retained for the purpose of assisting counsel of record for the parties in the Litigation;

3.      Liability insurance companies, or any agents retained by such insurers including independent claims management personnel, from which any Defendant has sought or may seek insurance coverage to (1) provide or reimburse for the defense of this Litigation and/or (2) satisfy all or part of any liability in the Litigation, only to the extent reasonably necessary;

4.      Any contractual indemnitors of the defendants and their attorneys; and

5.      Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Confidential Information for the Litigation.

D.      Before disclosing Confidential Information to any person pursuant to subparagraph C, the party proposing such disclosure must provide a copy of this Amended Protective Order to such person, who must sign the Written Assurance attached as Exhibit A and the party's counsel will retain a signed copy on file for inspection by the Court. If the person to whom disclosure is contemplated does not sign the Written Assurance, then the parties will work cooperatively to obtain a prompt hearing before this Court to resolve any issues of confidentiality, and no Confidential Information will be disclosed until the Court resolves such issues.

E.      Highly Confidential – Attorneys' Eyes Only and Export Control Information shall not be disclosed to any person or entity except those specified in subparagraphs (1)-(6) below:

9

1.      Outside counsel for the parties in the Litigation, including attorneys, secretaries, paralegal assistants, and other employees of such counsel, and the in-house counsel for such parties, provided that (a) the in-house counsel has primary responsibility for the Litigation, and (b) disclosure to the in-house counsel is reasonably necessary to the Litigation, and for use exclusively in the Litigation and for no other purpose;

2.      Judges, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in the Litigation;

3.      Witnesses in the Litigation to whom disclosure is reasonably necessary, whether in connection with deposition or other testimony, only after such persons have completed the Written Assurance contained in Exhibit A. Witnesses shall not retain a copy of documents containing Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information, except witnesses may receive a copy of all exhibits marked at their depositions solely in connection with review of the transcripts and must return or destroy all copies after their review. Pages of transcribed deposition testimony or exhibits to depositions that are properly designated as Highly Confidential – Attorneys' Eyes Only or Export Control Information pursuant to the process set out in this Order may not be disclosed to anyone except as permitted under this Order.

4.      Consultants or experts retained for the purpose of assisting counsel of record for the parties in the Litigation, provided that such persons have completed the Written Assurance contained in Exhibit A;

5.      Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Confidential Information for the Litigation; and

6.      Other persons only by prior written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered.

F.      At the time of production of Highly Confidential – Attorneys' Eyes Only Information that the Producing Party has determined in good faith should not be shown to a Competitor as defined by each respective party for purposes of this matter and this Agreement in section I.C. above , the Producing Party shall identify in writing (1) the party(s), or a non-party(s) that has otherwise availed itself of the terms of this Amended Protective Order, that is a Competitor, (2) the reason(s) for the Competitor designation, (3) the reason(s) the particular documents or information cannot be shown to the Competitor, and (4) the particular documents or information (e.g., by Bates number) that are covered by this provision. Without prior written consent from the Producing Party, Highly Confidential – Attorneys' Eyes Only Information cannot be disclosed to any Competitor or to any person who, upon reasonable and good faith inquiry, could be determined to be a current employee of or consultant for a Competitor. Notwithstanding the foregoing, nothing in this provision limits the disclosure of Highly Confidential – Attorneys' Eyes Only Information to any witness in deposition, subject to paragraph E.3 above. If a party seeks to disclose Highly Confidential – Attorneys' Eyes Only Information to a Competitor without first obtaining the consent of the Producing Party, then the party seeking disclosure must follow the provisions set forth in Section III below for the declassification of Confidential, Highly Confidential – Attorneys' Eyes Only or Export Control Information.

G.      A recipient of Stamped Confidential/Export Control Documents must keep them in a secure area and must exercise due care to restrict access to those persons described in accordance with this section II. Any summary or copy of, or excerpt from, a Stamped Confidential/Export Control Document is subject to this Order to the same extent as the Stamped Confidential/Export

Control Document itself, and must be labeled as confidential. A recipient shall not duplicate any Stamped Confidential/Export Control Document except for use as working copies and for filing in court.

H.     To mitigate security risks inherent in certain current technologies and to facilitate compliance with the terms of this Order, unless the Producing Party agrees otherwise in writing, all persons with access to Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information are prohibited from storing or transmitting any Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information in or via any online service that is managed or maintained by any third-party other than a reputable litigation support service provider that uses (i) a secure document hosting facility, (ii) encrypted web-enabled software, (iii) secure sharing and collaboration among only authorized users, and (iv) does not employ "cloud computing" services unless the data is encrypted at rest and in transmission, and the provider maintains sole custody and control of the encryption keys. Notwithstanding the foregoing provision, a reasonably limited number of files containing Confidential, Highly Confidential – Attorneys' Eyes Only, and Export Control Information may be transmitted by email or secure file transfer, provided that the person transmitting the files takes reasonable steps to protect the confidentiality and security of the files.

I.     All Export Control Information produced in discovery shall not be further disclosed, disseminated, or used for any purpose other than in connection with this Litigation, consistent with the restrictions on use of "Export Control Information" contained in this Protective Order and under applicable United States law. Export Control Information shall not be disclosed to any individual who is not a U.S. Person or stored on cloud servers or any media physically located outside of the United States. By entering into this Protective Order, the parties and their

counsel hereby give their assurances that they will implement practices and controls to ensure that access to Export Control Information is restricted to "U.S. persons" in compliance with the International Traffic in Arms Regulations and Export Administration Regulations.

**III.   DECLASSIFICATION OF CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY OR EXPORT CONTROL INFORMATION**

A.      The party designating information, documents, materials, or items as Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information bears the burden of establishing confidentiality. Nothing in this Order will be construed as any waiver of any party's right to object to the designation or non-designation of a particular document as Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information. If a party contends that any document has been erroneously or improperly designated or not designated as having Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information or a party wishes to show the document to individual(s) who are not listed above in Section II.B-C, E, the document at issue shall be treated as confidential until the parties reach a written agreement or this Court issues an order determining the confidentiality of the document.

B.      If a party in good faith wishes to challenge a disclosing party's designation of information or documents as Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information or if a party in good faith desires to provide Highly Confidential – Attorneys' Eyes Only Information to a Competitor (the "Objecting Party"), the Objecting Party must:

1.      Notify the Producing Party in writing and reasonably identify the particular documents or information and, in addition, if seeking to provide information or documents to a Competitor, the identity of the Competitor;

2.      The parties will meet and confer in an effort to reach agreement regarding the documents or information at issue;

3. If, after fourteen business days of the Objecting Party's notification to the Producing Party, the parties cannot reach agreement on whether some or all of the documents or information should remain designated as confidential or should be provided to a Competitor, then the Objecting Party may move the Court for an order stating that the information designated as confidential is not Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information within the meaning of this Order and is not entitled to the protections of this Order. On such a motion, the Producing Party shall have the burden of proving that the material is entitled to protection under applicable law.[1] If the Objecting Party does not file such a motion within thirty days after expiration of the fourteen-day period for negotiation and the designating party has not agreed to extend the time for filing such a motion, then the information designated as confidential or export control shall continue to be treated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information, without waiver by the Objecting Party of the option to renew its objection in good faith at a future date, following the procedure set forth above. All parties retain the right to seek review of the decision of the Court.

## IV.   CONFIDENTIAL INFORMATION IN DEPOSITIONS

A. Witnesses during depositions and trial testimony, other than a current employee of the Producing Party, must be shown a copy of this Amended Protective Order and must sign the Written Assurance attached as Exhibit A before being shown or examined about Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information. If, however, the document reflects that the witness was an author or recipient, then during the course of a deposition any witness may be shown and examined about Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information without being shown this Amended Protective Order

---

[1] On any such motion, it shall not be dispositive that the Producing Party characterized a person or entity as a "Competitor" under Section I.C.

and signing the Written Assurance. If the witness does not sign the Amended Protective Order, then the parties will work cooperatively to obtain a prompt hearing before this Court to resolve any issues of confidentiality or export control.

B.      Parties and deponents may, within forty-five days after receiving the final deposition transcript from the court reporter, designate the transcript, or portions of the transcript (and exhibits thereto) as Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information. Until expiration of the forty-five-day period, the deposition transcript will be treated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information subject to this Amended Protective Order. Upon written notice a deposition transcript, in whole or in part, is designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information, all parties shall promptly cause each copy of the transcript in their custody or control to be appropriately marked and limit disclosure of the transcript in accordance with this Order. If any portion of a deposition transcript or exhibit that has been designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information pursuant to this paragraph is sought to be filed with the Court, then the party seeking to file those materials must file under seal. Deposition exhibits that are already Stamped Confidential/Export Control Documents do not need to be re-designated as such after they are used in a deposition, and the parties will continue to treat them as such after the expiration of the forty-five-day period.

## V.      LEGAL PROCESS FOR STAMPED CONFIDENTIAL/EXPORT CONTROL DOCUMENTS

If any person, court, administrative, or legislative body seeks by a discovery request, subpoena, an order, or other form of legal process Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information from a non-Producing Party, then the non-Producing party receiving the discovery request, subpoena, order or other form of legal process must not, except to

the extent required by applicable law or court order, provide, or otherwise disclose such documents or information until thirty-days after giving counsel for the Producing Party notice in writing, accompanied by a copy of the discovery request, subpoena, order, or other form of legal process. If the Producing Party objects in writing to disclosure within seven days of receiving such notice, then the party to whom the discovery request, subpoena, order, or other form of legal process is directed agrees not to make any disclosure in response to it until the resolution of the objection by the appropriate court, provided however that the Producing Party seeks relief by the appropriate court within fourteen days of serving its objection to disclosure. If the Producing Party does not seek relief by the appropriate court within fourteen days of its objection, then the non-Producing Party may respond to the discovery request, subpoena, order, or other form of legal process. The party to whom the discovery request, subpoena, order, or other form of legal process is directed also agrees not to oppose the Producing Party's effort to intervene in the proceeding, quash the subpoena, or take other reasonable action to seek appropriate relief, with the cost of such opposition to the subpoena to be borne by the Producing Party, unless otherwise agreed to be the parties. There is no obligation on the non-Producing Party, however, to violate a court order or to act in such a fashion as to fall into contempt of court. This provision does not limit a Producing Party's right to provide its own documents to comply with regulatory reporting requirements or government investigations.

## VI.   FILING AND USE OF STAMPED CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, AND EXPORT CONTROL DOCUMENTS FOR PRETRIAL PURPOSES

A.     All parties shall make reasonable efforts to avoid requesting the filing of Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any such information not directly pertinent to the submission. Where not reasonably possible, any party wishing to file a document or paper containing Confidential, Highly Confidential – Attorneys'

Eyes Only , or Export Control Information may, pursuant to the Local Rules and other applicable authority, request by motion that such information be filed under seal. The Court shall determine whether or not such document(s) may be filed under seal.

B.     During pre-trial proceedings, a party must not display any Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information in the courtroom in such a manner that they are viewable by non-parties within the courtroom nor refer to the contents of the Stamped Confidential/Export Control Documents or other Confidential, Highly Confidential – Attorneys' Eyes Only, Export Control Information on the record unless the Producing Party has had meaningful notice and an opportunity to object. Counsel may, however, respond to inquiries by the Court or argument by opposing counsel with reference to Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information or the contents of Stamped Confidential/Export Control Documents, but before doing so, will alert the Court and opposing counsel so that appropriate steps can be taken as appropriate to protect the Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information or the contents of the Stamped Confidential/Export Control Documents.

C.     The parties may cross-use documents in the Litigation provided those documents have been cross-produced in the Litigation.

## VII.   PROPER USE OF CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, OR EXPORT CONTROL INFORMATION

Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information must not be used for any business, competitive, legal, or any other purpose unrelated to the Litigation without the express written consent of counsel for Producing Party. Nothing in this Amended Protective Order limits any Producing Party's use of its own documents or prevents any

Producing Party from disclosing its own Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information.

## VIII.   **DOCUMENTS OTHERWISE OBTAINED**

This Order shall not prevent the parties or other persons bound hereby from making use of information or materials independently obtained without the restrictions of this Order if the information or materials are already lawfully available to the public or are otherwise lawfully obtained.

## IX.   **NON-TERMINATION**

The provisions of this Amended Protective Order will not terminate at the conclusion of the Litigation. This Order is, and will be deemed to be, an enforceable agreement between the parties, non-parties who invoke the protections of this Order, and any agent or attorney of these parties or non-parties. Upon the request of any party after the final conclusion of the Litigation (including without limitation any appeals and after the time for filing all appellate proceedings has passed), each party so requested must return all Stamped Confidential/Export Control Documents to counsel for the party that produced it, must destroy it, or otherwise must comply with an applicable order of the Court. The return or destruction of Stamped Confidential/Export Control Documents under this paragraph will include, without limitation, all copies and duplicates thereof, provided that any such Stamped Confidential/Export Control Documents that may exist on any computer or back-up media which cannot be reasonably deleted may be retained until such time as the media is subject to routine deletion or destruction provided that no person attempts to access or review the contents of the Information unless allowed under the terms of this Order. The parties will certify, within forty-five days of receipt of a written request for certification, that all Stamped Confidential/Export Control Documents required to be returned or destroyed has been so returned

or destroyed. Unless otherwise ordered by the Court, counsel may retain: (a) copies of pleadings or other papers that have been filed with the Court and that contain Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information; (b) their work product; and (c) official transcripts and exhibits thereto. The terms and provisions of this Order will continue to apply to any such materials retained by counsel.

## X.    MODIFICATION PERMITTED; OTHER AGREEMENTS

Nothing in this Amended Protective Order prevents any party or other person from objecting to discovery that it believes to be otherwise improper or from seeking modification of this Amended Protective Order, including further provisions for categories of documents requiring heightened protection. No modifications will be made except by advance written agreement of all parties. Notwithstanding the foregoing, nothing in this Amended Protective Order does or is intended to supersede, modify, or control any existing or future Non-Disclosure Agreement to which any Defendant may be a party.

## XI.    NON-WAIVER OF PRIVILEGES, CLAWBACK OF DISCLOSURE OF PRIVILEGED MATERIAL, AND THE PRIVILEGE LOG

A.    This Order does not constitute any waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege, protection, law, or regulation (collectively, "Privilege"). Furthermore, in discovery in the Litigation, the parties have agreed that they do not intend to disclose information subject to a claim of Privilege. This Amended Protective Order is entered pursuant to Federal Rule of Evidence 502(d).

B.    If a party (the "Disclosing Party") discloses information that is subject to any Privilege (the "Disclosed Information"), such disclosure will not constitute or be deemed a waiver or forfeiture of any claim of any attorney-client privilege, work product immunity, or any other

Privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter in the litigation. In no event will the production, disclosure, or transmission of Privileged Material form the basis for a claim that the material is not so protected.

C.      The Disclosing Party shall notify the other parties following discovery of Disclosed Information, and that other parties (the "Returning Parties") must return or destroy, within seven days, all copies of such information and provide a certification of counsel that all such Disclosed Information has been returned or destroyed. Any Disclosed Information that may exist on any computer or back-up media which cannot be reasonably deleted may be retained until such time as the media is subject to routine deletion or destruction provided that no person attempts to access or review the contents of the Disclosed Information. Notice of such disclosure will be deemed to apply to all copies of the document disclosed.

D.      From the moment a Disclosing Party provides notice of Disclosed Information, the Returning Parties must not copy, distribute, file, or otherwise use in any manner the disputed documents or information, and must instruct all persons to whom the Returning Parties have disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

E.      The Receiving Parties may move the Court for an Order compelling production of the Disclosed Information. Such motion must be filed under seal and cannot assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. On any such motion, the Disclosing Party retains the burden of establishing its Privilege claims. Nothing in

this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Inadvertently Disclosed Information.

      F.     All Producing Parties will provide a privilege log in accordance with this Court's Case Management Order, at minimum and where applicable, and identify each document by (1) Bates number; (2) the type and basis for the privilege; (3) the names of the author(s) and recipient(s); (4) custodian; (5) a general description of the document; (6) the date the document was created, sent, or last modified; and (7) the general nature of the legal advice requested or provided therein or a description of why it is protected by the work-product doctrine or other privilege. Documents produced that are partially redacted for privilege and that indicate the basis of the redaction (*e.g.*, attorney-client privilege) need not be placed on a privilege log, provided the partially produced document identifies the above listed information that would otherwise be provided on the privilege log. In addition, the parties are not required to record on a privilege log, under Fed. R. Civ. P. 26(b)(5)(A), documents entirely from or between a party and its counsel that are dated on or after the date in which the party retained counsel in connection with the presence of PFOA in the municipal water supply of the Village of Hoosick Falls or in private wells within the Village of Hoosick Falls or a ten mile radius of the Village, including personal injury arising from that presence, that are subject to assertions of attorney-client privilege or attorney work product (the "Logging Cut-Off Date"). The parties further agree that for communications between (1) a party or its counsel and (2) agents involved in remediation activities in or around Hoosick Falls, New York, claims of work-product protection for any such communications after the Logging Cut-Off Date will still be logged on a categorical privilege log, and that this provision does not waive any party's right to challenge any assertions of work product or to request more specific information regarding a particular category. If a party requests more specific information regarding a particular category,

the responding party will produce a document by document privilege log for that category expeditiously, on a rolling basis.

**XII.    INADVERTENT PRODUCTION OR DISCLOSURE OF CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, OR EXPORT CONTROL INFORMATION**

In the event that a party discovers that it inadvertently produced Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information without stamping the required legend, the producing party must contact the receiving parties and inform the receiving parties in writing of the inadvertent production and the specific material at issue. Such inadvertent or unintentional disclosure will not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter. Upon receipt of such notice, the receiving party or parties will sequester the documents in a secure location until they are replaced by the Producing Party with the proper confidentiality stamp. Upon receiving replacement documents with the confidentially stamping, the receiving party will destroy the versions without the stamping. Any such versions that may exist on any computer or back-up media which cannot be reasonably deleted may be retained until such time as the media is subject to routine deletion or destruction provided that no person attempts to access or review the contents of the those versions unless allowed under the terms of this Order. Notice of inadvertent or erroneous disclosure will be deemed to apply to all copies of the document disclosed. Each receiving party must further notify every person or organization that received copies of or access to the material identified in the notice that such material contains Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information.

**XIII.    USE OF CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, OR EXPORT CONTROL INFORMATION AT TRIAL**

Nothing in this Order shall preclude a party from introducing into evidence at trial or hearing any Confidential, Highly Confidential – Attorneys' Eyes Only, or Export Control Information that is otherwise admissible under the Federal Rules of Evidence. At trial or evidentiary hearings, the Court may take such measures as the Court deems appropriate to protect the claimed confidential document or information sought to be admitted.

## XIV.   <u>NON-WAIVER OF OBJECTIONS</u>

Neither this Amended Protective Order nor any of the procedures described above affects or constitutes a waiver of any party's right to object to the relevancy, admissibility, or discoverability of any information or document or to seek an order that discovery or admissibility be had only subject to appropriate limits or restrictions, as provided by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, or other applicable rules or law.

**IT IS SO ORDERED.**

                                                              _____

                                                              Hon. Daniel J. Stewart

Dated: _____, 2019
          Albany, New York

Dated: October 14, 2019

/s/ James J. Bilsborrow
James J. Bilsborrow (519903)
William A. Walsh (519925)
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, New York 10003
Tel: (212) 558-5500
Fax: (212) 344-5461
jbilsborrow@weitzlux.com
wwalsh@weitzlux.com

Stephen G. Schwarz
Hadley L. Matarazzo
**FARACI LANGE, LLP**
28 East Main Street, Suite 1100
Rochester, New York 14614
Tel: (585) 325-5150
Fax: (585) 325-3285
sschwarz@faraci.com
hmatarazzo@faraci.com

*Plaintiffs' Co-Lead Interim Class Counsel*

John K. Powers
**POWERS & SANTOLA, LLP**
100 Great Oaks Blvd., Suite 123
Albany, New York 12203
Tel: (518) 465-5995
jpowers@powers-santola.com

*Plaintiffs' Liaison Counsel*

/s/ Elissa J. Preheim
Elissa J. Preheim (107355)
Allyson Himelfarb (107357)
**ARNOLD & PORTER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
Elissa.Preheim@arnoldporter.com
Allyson.Himelfarb@arnoldporter.com

Dale Desnoyers
**ALLEN & DESNOYERS**
90 State Street, Suite 1009
Albany, New York 12207
Tel: (518) 426-2288
Fax: (518) 426-2299
dale@allendesnoyers.com

*Attorneys for Defendant Honeywell International Inc.*

/s/ Sheila L. Birnbaum
Sheila L. Birnbaum (505978)
Mark S. Cheffo (302113)
**DECHERT LLP**
1095 Sixth Avenue
New York, New York 10036
Tel: (212) 698-3500
Fax: (212) 698-3599
Sheila.Birnbaum@dechert.com
Mark.Cheffo@dechert.com

Michael Koenig
**HINCKLEY ALLEN**
30 S. Pearl Street, Suite 901
Albany, New York 12207
Tel: (518) 396-3100
Fax: (518) 396-3101
mkoenig@hinckleyallen.com

*Attorneys for Defendant Saint-Gobain*

*Performance Plastics Corporation*

/s/ Andrew J. Calica
Andrew J. Calica
Allison Stowell
Jordan Sagalowsky
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 506-2500
acalica@mayerbrown.com
astowell@mayerbrown.com
jsagalowsky@mayerbrown.com

*Attorneys for Defendant 3M Company*

/s/ Andrew D. Carpenter
Andrew D. Carpenter
**SHOOK, HARDY & BACON LLP**
One Kansas City Plaza
2555 Grand Blvd.
Kansas City, Missouri 64108
Tel: (816) 474-6550
acarpenter@shb.com

Tammy B. Webb
**SHOOK, HARDY & BACON LLP**
One Montgomery Street
Suite 2600
San Francisco, California 94104
Tel: (415) 544-1900
tbwebb@shb.com

*Attorneys for Defendant E.I. DuPont de Nemours & Company*

EXHIBIT A - PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELE BAKER, *et al.*, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SAINT-GOBAIN PERFORMANCE PLASTICS CORP., HONEYWELL INTERNATIONAL INC. f/k/a ALLIED-SIGNAL INC. and/or ALLIEDSIGNAL LAMINATE SYSTEMS, INC., E. I. DUPONT DE NEMOURS AND COMPANY and 3M CO.,<br><br>                    Defendants. | Civil Action No. 1:16-CV-917 (LEK/DJS) |

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____. My telephone number is_____.  I am

currently employed by_____, located at _____,    and

my current job title is _____.

I have read and understand the terms of the Protective Order (Dkt. _____) filed  in  this

action. I understand and agree to comply with and be bound by the provisions of the Protective

Order. I understand that any violation of the Protective Order may subject me to sanctions by the

Court.

I will not divulge any information, documents, or copies of Confidential, Highly

Confidential – Attorneys' Eyes Only, or Export Control Information obtained pursuant to such

26

Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I will not copy or use such information or documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than thirty days after final termination of this action, I will return to the attorney from whom I have received them any documents in my possession that are Confidential, Highly Confidential – Attorneys' Eyes Only, and Export Control Information and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the above Court for the purpose of enforcing or otherwise providing relief relating to the Protective Order.


Signature_____ Date_____