<u>EXHIBIT S86 TO DECLARATION OF
STEPHEN G. SCHWARZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION</u>



## AlliedSignal Laminate Systems, Inc.

### Certificate of Assistant Secretary

The undersigned, an Assistant Secretary of AlliedSignal Laminate Systems Inc., a

Delaware corporation (the "Corporation"), does hereby certify as follows:

1.   Attached hereto as Exhibit A is a true and correct copy of the Certificate of Incorporation of the Corporation, as amended and in effect on the date hereof.

2.   Attached hereto as Exhibit B is a true and correct copy of certain resolutions duly adopted by unanimous written consent of the Board of Directors of the Corporation as of September 25, 2000, and such resolutions have not been amended, modified or rescinded and are in full force and effect on the date hereof.

3.   Attached hereto as Exhibit C is a true and correct copy of a Certificate of Good Standing certified by the Secretary of State for the State of Delaware with respect to the Corporation dated September 21, 2000.

4.   The signature or specimen signature appearing opposite each person's name is his or her genuine signature or specimen signature:

Martin B. Cohen        _____

Daniel K. Clift        _____

Mohsen Sohi            _____

IN WITNESS WHEREOF, I have set my hand as Assistant Secretary of the Corporation and affixed the seal of the Corporation as of the 29th day of September 2000.

[Corporate Seal]

                                        Mary Beth Pratt

*116776*



HONDECHOOSICK-0000304
HON-DONAVAN0000313

*State of Delaware*                              PAGE   1

*Office of the Secretary of State*

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF

DELAWARE, DO HEREBY CERTIFY THAT "ALLIEDSIGNAL LAMINATE SYSTEMS

INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF

DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE

EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE

RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT

BUSINESS.

THE FOLLOWING DOCUMENTS HAVE BEEN FILED:

CERTIFICATE OF INCORPORATION, FILED THE TWENTY-THIRD DAY OF

JUNE, A.D. 1978, AT 10 O'CLOCK A.M.

CERTIFICATE OF AMENDMENT, FILED THE FIRST DAY OF FEBRUARY,

A.D. 1979, AT 10 O'CLOCK A.M.

CERTIFICATE OF OWNERSHIP, CHANGING ITS NAME FROM "OAK

TECHNOLOGY INC." TO "NORPLEX/OAK INC.", FILED THE THIRTIETH DAY

OF DECEMBER, A.D. 1986, AT 10 O'CLOCK A.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM

"NORPLEX/OAK INC." TO "NORPLEX OAK INC.", FILED THE THIRTIETH

DAY OF JANUARY, A.D. 1989, AT 10 O'CLOCK A.M.

CERTIFICATE OF OWNERSHIP, CHANGING ITS NAME FROM "NORPLEX

OAK INC." TO "ALLIEDSIGNAL LAMINATE SYSTEMS INC.", FILED THE

*Edward J. Freel, Secretary of State*

AUTHENTICATION:                    7322270

DATE:

0856107   8310                                12-02-94

944233347

HONDECHOOSICK-0000305
HON-DONAVAN0000314

*State of Delaware*

## Office of the Secretary of State

SIXTEENTH DAY OF DECEMBER, A.D. 1992, AT 10:45 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID

CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE

AFORESAID CORPORATION.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES

HAVE BEEN PAID TO DATE.

*Edward J. Freel, Secretary of State*

AUTHENTICATION:                    7322270

DATE:

12-02-94

0856107   8310

944233347

HONDECHOOSICK-0000306
HON-DONAVAN0000315

PAGE    1

*State of Delaware*

## Office of the Secretary of State

I, WILLIAM T. QUILLEN, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "NORPLEX OAK INC.", FILED A CERTIFICATE OF OWNERSHIP, CHANGING ITS CORPORATE TITLE TO "ALLIEDSIGNAL LAMINATE SYSTEMS INC.", ON THE SIXTEENTH DAY OF DECEMBER, A.D. 1992, AT 10:45 O'CLOCK A.M.

* * * * * * * * *

*William T. Quillen*

SECRETARY OF STATE

AUTHENTICATION:    *3758501

DATE:    01/26/1993

723026023

HONDECHOOSICK-0000307
HON-DONAVAN0000316

*State of Delaware*

## Office of the Secretary of State

I, MICHAEL RATCHFORD, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF CERTIFICATE OF OWNERSHIP OF THE "NORPLEX OAK INC." A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, MERGING "HOLDCO INC." A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF CALIFORNIA, PURSUANT TO SECTION 253 OF THE GENERAL CORPORATION LAW OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE SIXTEENTH DAY OF DECEMBER, A.D. 1992, AT 10:45 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION SHALL BE GOVERNED BY THE LAWS OF THE STATE OF DELAWARE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "NORPLEX OAK INC." HAS RELINQUISHED ITS CORPORATE TITLE AND ASSUMED IN PLACE THEREOF "ALLIEDSIGNAL LAMINATE SYSTEMS INC."

A CERTIFIED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE APPROPRIATE COUNTY RECORDER OF DEEDS FOR RECORDING.

\* \* \* \* \* \* \* \* \* \*

Michael Ratchford, Secretary of State

AUTHENTICATION:   3704046

DATE:   12/16/1992

732351052

HONDECHOOSICK-0000308
HON-DONAVAN0000317

CERTIFICATE OF OWNERSHIP AND MERGER

MERGING

HOLDCO INC.

INTO

NORPLEX OAK INC.

\* \* \* \* \*

NORPLEX OAK INC., a corporation organized and existing under the laws of Delaware (the "Corporation")

DOES HEREBY CERTIFY:

FIRST:  That the Corporation was incorporated on the 23rd day of June, 1978, pursuant to the General Corporation Law of the State of Delaware.

SECOND:  That the Corporation owns all of the outstanding shares of the stock of Holdco Inc., a corporation incorporated on the 22nd day of January, 1985, pursuant to the General Corporation Law of the State of California.

THIRD:  That the Corporation, by the following resolutions of its Board of Directors, duly by the unanimous written consent of its members, filed with the minutes of the Board on the 14th day of December, 1992, determined to and did merge into itself said Holdco Inc.:

RESOLVED, that the Corporation merge, and it hereby does merge into itself said Holdco Inc., and assumes all of its obligations.

RESOLVED, that the merger shall be effective upon the date of filing with the Secretary of State of Delaware.

RESOLVED, that the Vice President, Finance or other proper officers of this corporation be and they hereby are directed to make and execute a Certificate of Ownership and Merger setting

HONDECHOOSICK-0000309
HON-DONAVAN0000318

forth a copy of the resolutions to merge said Holdco Inc. and assume its liabilities and obligations, and the date of adoption thereof, and to cause the same to be filed with the Secretary of State and a certified copy recorded in the office of the Recorder of Deeds of New Castle County and to do all acts and things whatsoever, whether within or without the State of Delaware, which may be in any wise necessary or proper to effect said merger.

RESOLVED, that the Corporation change its corporate name by changing Article First of the Certificate of Incorporation of this corporation to read as follows:  Article First.  The name of the corporation is AlliedSignal Laminate Systems Inc.

NORPLEX OAK INC.

By: _____
    John G. JuVette
    Vice President, Finance

ATTEST:

_____
W. F. Reichenbach
Secretary

HONDECHOOSICK-0000310
HON-DONAVAN0000319



# State
# of
# DELAWARE

## Office of SECRETARY OF STATE

I, Michael Harkins, Secretary of State of the State of Delaware,

do hereby certify that the attached is a true and correct copy of

Certificate of ———————— Amendment ————————

filed in this office on ———— January 30, 1989 ————



_Michael Harkins, Secretary of State_

BY: ————————————————

DATE: ———— February 20, 1990 ————

Form 130

HONDECHOOSICK-0000311
HON-DONAVAN0000320

CERTIFICATE OF AMENDMENT

OF

CERTIFICATE OF INCORPORATION

NORPLEX/OAK INC., a Corporation organized and existing under the laws of Delaware, does hereby certify:

FIRST:  That the directors and sole stockholder of said Corporation consented, effective November 30, 1988 to the adoption of a resolution amending the Certificate of Amendment of said Corporation as follows:

RESOLVED, that Article 1 of the Certificate of Incorporation of the Corporation is hereby amended to read as follows:

1.  the name of the Corporation is:

NORPLEX OAK INC.

SECOND:  That the aforesaid amendment has been duly adopted in accordance with the applicable provisions of Section 242 of the General Corporation Law of the State of Delaware.

IN WITNESS WHEREOF, said NORPLEX/OAK INC. has caused this certificate to be signed by its Vice President this _18th_ day of January, 1989.

NORPLEX OAK INC.

By: _____
        Vice President

ATTEST:

_____
W. F. Reichenbach
Secretary

HONDECHOOSICK-0000312
HON-DONAVAN0000321



# State
# of
# DELAWARE

## Office of SECRETARY OF STATE

I, Michael Harkins, Secretary of State of the State of Delaware,

do hereby certify that the attached is a true and correct copy of

Certificate of _____Ownership_____

filed in this office on _____December 30, 1986_____



_Michael Harkins, Secretary of State_

BY: _____

DATE: _____February 20, 1990_____

Form 130

HONDECHOOSICK-0000313
HON-DONAVAN0000322

12-30-86

CERTIFICATE OF OWNERSHIP AND MERGER
MERGING
OAK MATERIALS GROUP, INC.
INTO
OAK TECHNOLOGY INC.

\* \* \* \* \*

Oak Technology Inc., a corporation organized and existing under the laws of Delaware,

DOES HEREBY CERTIFY:

FIRST:  That this corporation was incorporated on the 23rd day of June, 1978, pursuant to the General Corporation Law of the State of Delaware.

SECOND:  That this corporation owns all of the outstanding shares of the stock of Oak Materials Group, Inc., a corporation incorporated on the 23rd day of June, 1967, pursuant to the General Corporation Law of the State of Delaware.

THIRD:  That this corporation, by the following resolutions of its Board of Directors, duly adopted by unanimous written consent of its members, filed with the minutes of the Board, on the 22nd day of December, 1986, determined to and did merge into itself said Oak Materials Group, Inc.:

RESOLVED, that Oak Technology Inc. merge, and it hereby does merge into itself Oak Materials Group, Inc., and assumes all of its obligations;

FURTHER RESOLVED, that the merger shall become effective on January 1, 1987;

FURTHER RESOLVED, that the proper officers of this corporation be and they hereby are directed to make and execute a Certificate of Ownership and Merger setting forth a copy of the resolutions to merge Oak Materials Group, Inc. and assume its liabilities and obligations, and the date of adoption thereof, and to cause the same to be filed with the Secretary of State and a certified copy recorded in the office of the Recorder of Deeds of New Castle County and to do all acts and things whatsoever, whether within or without the State of Delaware, which may be in anywise necessary or proper to effect the merger; and

HONDECHOOSICK-0000314
HON-DONAVAN0000323

FURTHER RESOLVED that this corporation change its corporate name by changing Article FIRST of the Certificate of Incorporation of this corporation to read as follows: Article FIRST: the name of the corporation is Norplex/Oak Inc.

FIFTH: Anything herein or elsewhere to the contrary notwithstanding this merger may be amended or terminated and abandoned by the board of directors of Oak Technology Inc. at any time prior to the date of filing the merger with the Secretary of State.

IN WITNESS WHEREOF, said Oak Technology Inc. has caused this certificate to be signed by Bissell J. Smith, its President, and attested by Michael Van de Kerckhove, its Secretary, this 22nd day of December 1986.

OAK TECHNOLOGY INC.

By _____
                President

ATTEST:

By _____
          Secretary

-2-

HONDECHOOSICK-0000315
HON-DONAVAN0000324



# State
# of
# DELAWARE

## Office of SECRETARY OF STATE

I, Michael Harkins, Secretary of State of the State of Delaware,

do hereby certify that the attached is a true and correct copy of

Certificate of _____Amendment_____

filed in this office on _____February 1, 1979_____



_Michael Harkins, Secretary of State_

BY: _____

DATE: _____February 20, 1990_____

Form 130

HONDECHOOSICK-0000316
HON-DONAVAN0000325

2-1-74

CERTIFICATE OF AMENDMENT

OF

CERTIFICATE OF INCORPORATION

OF

OAK TECHNOLOGY INC.

Oak Technology Inc., a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware, DOES HEREBY CERTIFY:

FIRST:  That the Board of Directors of Oak Technology Inc., by unanimous written consent of its members, filed with the minutes of the Board, adopted a resolution proposing and declaring advisable the following amendment to the Certificate of Incorporation of said Corporation:

RESOLVED, that the Certificate of Incorporation of Oak Technology Inc. be amended by changing the EIGHTH Article thereof so that as amended, said Article shall be and read as follows:

"EIGHTH:  In furtherance and not in limitation of the powers conferred by statute, the Board of Directors is expressly authorized:

To authorize and cause to be executed mortgages and liens upon the real and personal property of the Corporation.

To set apart out of any of the funds of the Corporation available for dividends a reserve or reserves for any proper purpose and to abolish any such reserve in the manner in which it was created.

HONDECHOOSICK-0000317
HON-DONAVAN0000326

To designate one or more committees, each
committee to consist of two or more of the
directors of the Corporation, which, to the
extent provided in the resolution or in the
By-Laws of the Corporation, shall have and
may exercise the powers of the Board of Direc-
tors in the management of the business and
affairs of the Corporation, and may authorize
the seal of the Corporation to be affixed to
all papers which may require it.  Such com-
mittee or committees shall have such name or
names as may be stated in the By-Laws of the
Corporation or as may be determined from time
to time by resolution adopted by the Board of
Directors.

When and as authorized by the affirmative
vote of the holders of a majority of the stock
issued and outstanding having voting power given
at a stockholders' meeting duly called for that
purpose, or when authorized by the written con-
sent of the holders of a majority of the voting stock
issued and outstanding, to sell, lease or exchange
all of the property and assets of the Corporation,
including its goodwill and its corporate franchises,
upon such terms and conditions and for such con-
sideration, which may be in whole or in part shares
of stock in, and/or other securities of, any other
corporation or corporations, as its Board of Directors
shall deem expedient and for the best interests of
the Corporation.

For the benefit of any entity owning, directly
or indirectly, fifty percent or more of the capital
stock of the Corporation or any entity in which the
Corporation owns, directly or indirectly, fifty
percent or more of the capital stock or other evi-
dences of ownership to make contracts of guaranty
and suretyship of all kinds, to act as co-obligor,
to endorse or to guarantee the payment of money or
of performance with respect to or called for by
securities, debentures, contracts, mortgages, notes,
charges, undertakings, or any other indebtedness or
obligations under, but not limited to, loans,
borrowings or advances made by any lender to any
such entity and reflected in any instrument, note
or agreement.

-2-

HONDECHOOSICK-0000318
HON-DONAVAN0000327

SECOND:  That in lieu of a meeting and vote of stock-
holders, the sole stockholder has given written consent to said
amendment in accordance with the provisions of Section 228 of
the General Corporation Law of the State of Delaware.

THIRD:  That the aforesaid amendment was duly adopted
in accordance with the applicable provisions of Section 242 and
228 of the General Corporation Law of the State of Delaware.

IN WITNESS WHEREOF, said Oak Technology Inc. has caused
this Certificate to be signed by JOHN YONCO, its Vice President,
and attested by WESLEY S. WALTON, its Assistant Secretary, this
16th day of January, 1979.

OAK TECHNOLOGY INC.

CORPORATE SEAL

By _____
        Vice President

ATTEST:

_____
Assistant Secretary

-3-

HONDECHOOSICK-0000319
HON-DONAVAN0000328



-3-7x



# State
# of
# DELAWARE

## Office of SECRETARY OF STATE

I, Michael Harkins, Secretary of State of the State of Delaware,

do hereby certify that the attached is a true and correct copy of

Certificate of _____Incorporation_____

filed in this office on _____June 23, 1978_____



_Michael Harkins, Secretary of State_

BY: _____M. Magnuser_____

DATE: _____February 20, 1990_____

Form 130

HONDECHOOSICK-0000320
HON-DONAVAN0000329

6-23-78

# CERTIFICATE OF INCORPORATION

## OF

## OAK TECHNOLOGY INC.

**FIRST:**  The name of the corporation is:

OAK TECHNOLOGY INC.

**SECOND:**  Its registered office in the State of Delaware is located at No. 100 West Tenth Street, in the City of Wilmington, County of New Castle.  The name and address of its registered agent is The Corporation Trust Company, No. 100 West Tenth Street, Wilmington, Delaware 19801.

**THIRD:**  The nature of the business, or objects or purposes to be transacted, promoted or carried are:

To manufacture, assemble, purchase or otherwise acquire, and to sell, lease, exchange, and generally deal in and with electronic and mechanical component parts, electrical and mechanical devices, apparatus and mechanisms of every kind and description and to do all things necessary and desirable to carry on such business; and

To manufacture, buy, sell and deal in and with goods, wares, merchandise, property and to provide services of every kind and description; and

To engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware; and

In general, to possess and exercise all the powers and privileges granted by the

General Corporation Law of the State of
Delaware or by any other law of Delaware
or by this Certificate of Incorporation
together with any power incidental thereto,
so far as such powers and privileges are
necessary or convenient to the conduct,
promotion or attainment of the business
or purposes of the Corporation.

FOURTH:  The total number of shares of stock which the
Corporation shall have authority to issue is One Thousand (1,000),
and the par value of each such share is One Dollar ($1.00) amount-
ing in the aggregate to One Thousand Dollars ($1,000.00).

FIFTH:  The name and mailing address of the incorpo-
rator is as follows:

| NAME | MAILING ADDRESS |
|------|-----------------|
| Wesley S. Walton | 8300 Sears Tower |
| | 233 South Wacker Drive |
| | Chicago, Illinois 60606 |

SIXTH:  The Corporation is to have perpetual existence.

SEVENTH:  Subject to the provisions of the General
Corporation Law of the State of Delaware, the number of directors
shall be determined originally and from time to time as provided
in the By-Laws.  The power to make, alter or repeal the By-Laws
shall be in the Board of Directors, and the affirmative vote of
a majority of the Board of Directors shall be required to so
make, alter or repeal the By-Laws.

EIGHTH:  In furtherance and not in limitation of the
powers conferred by statute, the Board of Directors is expressly

-2-

HONDECHOOSICK-0000322
HON-DONAVAN0000331

authorized:

To authorize and cause to be executed mortgages and liens upon the real and personal property of the Corporation.

To set apart out of any of the funds of the Corporation available for dividends a reserve or reserves for any proper purpose and to abolish any such reserve in the manner in which it was created.

To designate one or more committees, each committee to consist of two or more of the directors of the Corporation, which, to the extent provided in the resolution or in the By-Laws of the Corporation, shall have and may exercise the powers of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.  Such committee or committees shall have such name or names as may be stated in the By-Laws of the Corporation or as may be determined from time to time by resolution adopted by the Board of Directors.

When and as authorized by the affirmative vote of the holders of a majority of the stock issued and outstanding having voting power given at a stockholders' meeting duly called for that purpose, or when authorized by the written consent of the holders of a majority of the voting stock issued and outstanding, to sell, lease or exchange all of the property and assets of the Corporation, including its goodwill and its corporate franchises, upon such terms and conditions and for such consideration, which may be in whole or in part shares of stock in, and/or other securities of, any other corporation or corporations, as its Board of Directors shall deem expedient and for the best interests of the Corporation.

NINTH:  Whenever a compromise or arrangement is proposed between this Corporation and its creditors or any class

-3-

HONDECHOOSICK-0000323
HON-DONAVAN0000332

of them and/or between this Corporation and its stockholders or
any class of them, any court of equitable jurisdiction within
the State of Delaware may, on the application in a summary way
of this Corporation or of any creditor or stockholder thereof,
or on the application of any receiver or receivers appointed
for this Corporation under the provisions of Section 291 of
Title 8 of the Delaware Code or on the application of trustees
in dissolution or of any receiver or receivers appointed for
this Corporation under the provisions of Section 279 of Title 8
of the Delaware Code order a meeting of the creditors or class
of creditors, and/or of the stockholders or class of stockholders
of this Corporation, as the case may be, to be summoned in such
manner as the said court directs.  If a majority in number re-
presenting three-fourths in value of the creditors or class of
creditors, and/or of the stockholders or class of stockholders
of this Corporation, as the case may be, agree to any compromise
or arrangement and to any reorganization of this Corporation as
consequence of such compromise or arrangement, the said com-
promise or arrangement and the said reorganization shall, if
sanctioned by the court to which the said application has been
made, be binding on all the creditors or class of creditors,
and/or on all the stockholders or class of stockholders, of
this Corporation, as the case may be, and also on this Corpo-
ration.

-4-

HONDECHOOSICK-0000324
HON-DONAVAN0000333

TENTH:  Meetings of the stockholders may be held outside the State of Delaware, if the By-Laws so provide.  The books of the Corporation may be kept (subject to any provision contained in applicable statutes) outside the State of Delaware at such place or places as may be designated from time to time by the Board of Directors or in the By-Laws of the Corporation. Elections of directors need not be by ballot unless the By-Laws of the Corporation shall so provide.

ELEVENTH:  No stockholder shall have any preemptive rights to subscribe for or purchase any additional issues of stock of any kind or securities convertible into stock of any kind of the Corporation.

TWELFTH:  Any and all right, title, interest and claim in or to any dividends declared by the Corporation, whether in cash, stock or otherwise, which are unclaimed by the stockholder entitled thereto for a period of six years after the close of business on the payment date, shall be and be deemed to be extinguished and abandoned; and such unclaimed dividends in the possession of the Corporation, its transfer agents or other agents or depositaries, shall at such time become the absolute property of the Corporation, free and clear of any and all claims of any persons whatsoever.

THIRTEENTH:  The Corporation shall, to the fullest extent to which it is empowered to do so by the General Corpo-

-5-

HONDECHOOSICK-0000325
HON-DONAVAN0000334

ration Law of Delaware, or any other applicable laws, as from
time to time in effect, indemnify any person who was or is a
party or is threatened to be made a party to any threatened,
pending or completed action, suit or proceeding, whether civil,
criminal, administrative or investigative, by reason of the fact
that he is or was a director or officer of the Corporation or a
division thereof, or is or was serving at the request of the Cor-
poration as a director or officer of another corporation, joint
venture, partnership, trust or other enterprise, against all
expenses (including attorneys' fees), judgments, fines and amounts
paid in settlement actually and reasonably incurred by him in
connection with such action, suit or proceeding.

     The provisions of this Article shall be deemed to be
a contract between the Corporation and each director or officer
who serves in any such capacity at any time while this Article
and the relevant provisions of the General Corporation Law of
Delaware or other applicable law, if any, are in effect, and any
repeal or modification of any such law shall not affect any rights
or obligations then existing or any action, suit or proceeding
theretofore or thereafter brought or threatened based in whole
or in part upon any such state of facts.

     Persons who are not covered by the foregoing provisions
of this Article and who are or were employees or agents of the

-6-

HONDECHOOSICK-0000326
HON-DONAVAN0000335

Corporation or a division thereof, or are or were serving at the request of the Corporation as employees or agent of another corporation, partnership, joint venture, trust or other enterprise, may be indemnified to the extent authorized at any time or from time to time by the Board of Directors of the Corporation.

The indemnification provided or permitted by this Article shall not be deemed exclusive of any other rights to which those indemnified may be entitled by law or otherwise, and shall continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such a person.

The Corporation shall have power to purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any liability asserted against him and incurred by him in any such capacity, or arising out of his status as such, whether or not the Corporation would have the power to indemnify him against such liability under the provisions of this Article.

FOURTEENTH:  The Corporation reserves the right to amend, alter, change or repeal any provision contained in this

-7-

HONDECHOOSICK-0000327
HON-DONAVAN0000336

Certificate of Incorporation, in the manner now or hereafter

prescribed by statute, and all rights conferred upon stockholders

are granted subject to this reservation.

I, THE UNDERSIGNED, being the incorporator, for the

purpose of forming a corporation pursuant to the General Corpo-

ration Law of the State of Delaware, do make, file and record

this Certificate of Incorporation, do hereby certify the facts

herein stated are true, and have accordingly hereunto set my

hand this 20th day of June, 1978.

Wesley S. Walton

-8-

HONDECHOOSICK-0000328
HON-DONAVAN0000337



HONDECHOOSICK-0000329
HON-DONAVAN0000338

<u>Exhibit B</u>

Excerpt from
Resolutions Adopted by Written Consent of the
Board of Directors
of
AlliedSignal Laminate Systems, Inc.


    <u>RESOLVED</u>:  That the Board of Directors hereby approves the sale by the Corporation of all or part of its interest in Oak-Mitsui Inc., a New York corporation, and Oak-Mitsui, a South Carolina partnership (the "Oak-Mitsui Interests"), to Mitsui Mining & Smelting (Netherlands) B.V. or any subsidiary or affiliate thereof, substantially upon the terms and conditions set forth in a Purchase Agreement, dated as of September 25, 2000, with such changes therein as may be approved by the proper officers of the Corporation or those holding a duly authorized power of attorney from the Corporation.

    <u>RESOLVED</u>:  That the Board of Directors determines that such sale is in the best interests of the Corporation and recommends to the Sole Stockholder of the Corporation that it authorize the sale.

    <u>RESOLVED</u>:  That after authorization by the Sole Stockholder of the sale of the Oak-Mitsui Interests, the proper officers of the Corporation or their designees are authorized and directed to execute and deliver such documentation or instruments as may be required to effect the sale of the Oak-Mitsui Interests, and to take such further actions and to execute and deliver such other instruments and documents, in the name and on behalf of the Corporation and under its corporate seal or otherwise, as any of them shall deem necessary or advisable to carry out the intent and accomplish the purpose of the foregoing resolutions.

    <u>RESOLVED</u>:  That the proper officers of the Corporation are hereby specifically authorized to execute a Power of Attorney authorizing Daniel K. Clift, Director-Corporate Development, Martin B. Cohen, Vice President-Corporate Development, Mohsen Sohi, President-Electronic Materials and Mary Beth Pratt, Vice President and General Counsel-Electronic Materials, all of Honeywell International Inc., to take all actions and to execute and deliver all instruments and documents, in the name and on behalf of the Corporation and under its corporate seal or otherwise, as he shall deem necessary or advisable to effect the sale of the Oak-Mitsui Interests.

*116776*

HONDECHOOSICK-0000330
HON-DONAVAN0000339



HONDECHOOSICK-0000331
HON-DONAVAN0000340

*State of Delaware*                          PAGE  1

*Office of the Secretary of State*

---

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY "ALLIEDSIGNAL LAMINATE SYSTEMS INC."
IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND
IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR
AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-SEVENTH DAY
OF SEPTEMBER, A.D. 2000.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE
BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES
HAVE BEEN PAID TO DATE.

*Edward J. Freel, Secretary of State*

AUTHENTICATION: 0699965

0856107  8300

001486819

DATE: 09-27-00

TOTAL P.02

HONDECHOOSICK-0000332
HON-DONAVAN0000341