UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: HOOSICK FALLS PFOA CASES<br>MICHELE BAKER, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>SAINT-GOBAIN PERFORMANCE PLASTICS CORP., and HONEYWELL INTERNATIONAL INC. f/k/a ALLIED-SIGNAL INC. and/or ALLIED SIGNAL LAMINATE SYSTEMS, INC., E.I. DUPONT DE NEMOURS AND COMPANY, INC., and 3M CO.,<br><br>*Defendants*. | Case No. 1:19-mc-00018-LEK-DJS<br><br><br>Case No. 1:16-CV-00917-LEK-DJS |

## DEFENDANT E.I. DUPONT DE NEMOURS AND COMPANY'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 30, 2022 MEMORANDUM-ORDER AND DECISION

### INTRODUCTION

Pursuant to Rule 60.1 of the Local Rules of Practice for the United States District Court for the Northern District of New York, Defendant E.I. du Pont de Nemours And Company ("DuPont") respectfully moves the Court for reconsideration of its September 30, 20222 Memorandum-Decision and Order [Doc. 324]. DuPont respectfully requests that Court to withdraw its September 30, 2022 Memorandum-Decision and Order and issue a Corrected Memorandum-Decision and Order addressing the errors set forth below.

### LEGAL STANDARD

A motion for reconsideration should be granted where there is either (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the

need to correct a clear error of law or prevent manifest injustice. *In re CTC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 3 (N.D.N.Y. 1995) (citation omitted); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). DuPont respectfully asserts that this Court has made two clear errors of law that must be corrected in order to prevent manifest injustice.[1]

## ARGUMENT

### A. The District Court Erroneously Certified a Nuisance Class Against DuPont Where No Nuisance Claims Were Alleged Against DuPont and No Nuisance Class Was Asserted Against DuPont.

On September 30, 2022, this Court issued a Memorandum-Decision and Order certifying four litigation classes: a PFOA Invasion Injury Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2); a Municipal Water Property Damage Class and a Private Well Water Property Damage Class pursuant to Fed. R. Civ. P. Rule 23(b)(3); and a Nuisance Damages Class pursuant to Fed. R. Civ. P. 23(a) and 23(c)(4). [Doc. 324 at 56; 49-52]. The Court further indicated its intent to appoint a Magistrate Judge or Special Master to oversee individual damages proceedings with respect to the Nuisance Damages class. [*Id*. at 56].

But Plaintiffs have never alleged a claim for nuisance against DuPont. The nuisance claim is asserted solely against Defendants Saint Gobain and Honeywell. [Doc. 171, Second Amended Master Consolidated Class Action Complaint at ¶¶ 286-291 ("CLAIM III: PRIVATE NUISANCE AGAINST DEFENDANTS SAINT-GOBAIN AND HONEYWELL")]. The sole claims alleged against DuPont (and 3M) are for Strict Products Liability Failure to Warn (CLAIM I), and Negligence based on failure to warn theory (Claim II). [*Id.* at ¶¶ 248-264; 265-

---

[1] DuPont does not waive and preserves its right to challenge any and all other aspects of this Court's September 30, 2022 Memorandum-Decision and Order through the appropriate procedural vehicle, whether by appeal under Fed. R. Civ. P. 23(f) or by post-judgment appeal.

285]. Plaintiffs' Memorandum of Law In Support of Motion for Class Certification also makes it clear that the Nuisance Class is asserted only against Saint Gobain and Honeywell. [Doc. 145 at p. 39 ("The Nuisance Damage Class has plausibly alleged that the *Processor Defendants* interfered with the use and enjoyment of their properties by contaminating their private wells and causing a 'special loss,' namely the installation of a POET system that must be maintained for the foreseeable future.") (emphasis added); *id.* at 5 (defining DuPont and 3M as "Manufacturing Defendants"); *id*. at 20 (defining Saint Gobain, Honeywell, and their corporate predecessors as the "Processing Defendants"). Defendants DuPont and 3M also explained in E.I DuPont de Nemours And Company and 3M Company's Opposition to Plaintiffs' Motion for Class Certification that their Memorandum would not be addressing the Nuisance Class because no nuisance claims or nuisance class allegations had been asserted against them. [Doc. 235 at n. 3 ("Plaintiffs do not seek certification of a nuisance class as against the Supplier Defendants, *see* Pls. Class Cert. Br. at 39, and they have asserted neither nuisance nor trespass claims against the Supplier Defendants, *see* Pls. Compl. at Causes of Action III–V.")].

DuPont has conferred with Class Counsel, and all parties agree no Nuisance Class or nuisance claims have ever been asserted against DuPont in this case. Because this Court has erroneously certified a litigation class against DuPont that was never asserted against DuPont under a nuisance theory that was never alleged against DuPont, DuPont respectfully requests that this Court reconsider this aspect of its September 30, 2022 Memorandum-Order.

**B. DuPont Did Not Waive Its Apportionment Defense.**

In its September 30, 20222 Memorandum-Decision and Order, the Court determined that it "need not address whether the settlement between Plaintiffs and Defendants other than DuPont would reduce DuPont's alleged damages with regard to the PFOA Invasion Injury Class"

because "DuPont has not raised the affirmative defense under N.Y General Obligations Law § 15-108(a) to reduce 'the settling tortfeasor's equitable share of the plaintiff's damages.'" [Doc. 324 at 35]. This is incorrect.

DuPont clearly and repeatedly asserted its right to apportionment at several different points in its affirmative defenses. DuPont filed its Answer and Affirmative Defenses to Plaintiffs' First Amended Master Consolidated Class Action Complaint on February 26, 2019. [Doc. 98]. Based on Plaintiffs' intention to file a Second Amended Master Consolidated Class Action Complaint, the parties entered into a stipulation on April 6, 2020, whereby Defendants would "need only respond to paragraphs in that Complaint that were amended from the First Amended Master Consolidated Class Action Complaint" and further provided that "Defendants' affirmative defenses to the First Amended Master Consolidated Class Action Complaint shall be deemed re-asserted as to the Second Amended Master Consolidated Class Action Complaint." [Doc. 143 at ¶ 3].

In its Twentieth Affirmative Defense pleaded in response to Plaintiff's First and Second Amended Master Consolidated Class Action Complaints, DuPont pleaded the language necessary to invoke this defense:

> **TWENTIETH ADDITIONAL DEFENSE**
>
> DuPont denies any liability, but in the event DuPont is found to have any liability to Plaintiff, DuPont is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the complaint.

[Doc. 98 at 82].

In addition, DuPont pleaded the following apportionment affirmative defense in its Nineteenth Affirmative Defense:

> **NINETEENTH ADDITIONAL DEFENSE**
>
> DuPont denies any negligence, culpable conduct, or liability on its part but, if DuPont ultimately is found liable for any portion of Plaintiffs' alleged damages, DuPont shall only be liable for its equitable share of Plaintiffs' alleged damages.

[*Id.*].

Finally, DuPont pleaded the following apportionment defense in its Twenty-First Affirmative Defense:

> **TWENTY-FIRST ADDITIONAL DEFENSE**
>
> 82
>
> ---
>
>
> DuPont cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of DuPont.

[*Id.* at 82-83].

While DuPont did not invoke Section 1508(a) by number, it clearly pleaded its substance as an affirmative defense. DuPont is unaware of any authority indicating that a party must plead the specific statutory source of an affirmative defense by its code number. Plaintiffs have never argued that DuPont has failed to plead its right to apportionment, and have explicitly recognized

DuPont's right to apportionment in Plaintiffs' Response to DuPont's March 25, 2022 Supplemental Brief Opposing Plaintiffs' Pending Class Certification Motion. [Doc. 323 at 17 ("Pursuant to GOL § 15-108, DuPont will then be held responsible for either the amount of the award less the amount of the partial Settlement, or for the percentage of responsibility apportioned to DuPont by the jury multiplied by the amount awarded by the jury, whichever is less. The same is true of the property damage classes where both sides will present proof of the loss of value and the jury will determine the award.").

DuPont has conferred with Class Counsel on this issue, and Class Counsel has no objection to DuPont being allowed to amend its affirmative defenses to plead this defense in the event that the Court disagrees that DuPont has already adequately pleaded it. Because this Court has erroneously found that DuPont waived its right to apportionment by failing to plead it as an affirmative defense, DuPont respectfully request that this Court amend its order and address the issue of whether the settlement between Plaintiffs and Defendants other than DuPont and the adequacy of that settlement impact DuPont's liability and damages with regard to the PFOA Invasion Injury Class, and its impact on class certification. In the event that this Court disagrees that DuPont has pleaded apportionment as an affirmative defense, DuPont respectfully requests leave to amend its Answer and Affirmative Defenses.

### C. DuPont Did Not Sell APFO.

In its September 30, 2022 Memorandum-Decision and Order, the Court wrote that "[t]he claims also derive from allegations of DuPont's manufacture and sale of APFO to other manufacturers for inclusion in PTFE dispersion products, which were sold to Saint-Gobain for use in their manufacturing facilities from approximately 2000 to 2015, *id.* ¶ 33, as well as from DuPont's direct sale of APFO to Saint-Gobain from approximately 2000 to 2015." [Doc. 324 at

2]. But there is no evidence that DuPont made or sold APFO to other manufacturers for inclusion in PTFE dispersion products that were sold to Saint-Gobain (or Honeywell) for use in the McCaffrey Street facility in Hoosick Falls, or that DuPont ever sold APFO to Saint-Gobain or Honeywell at any point.

DuPont has conferred with Class Counsel on this issue, and Class Counsel agrees there is no evidence to support this allegation. DuPont respectfully request that this Court amend its Memorandum-Order and Decision to correct this error.

## CONCLUSION

For the reasons set forth above, DuPont respectfully requests that this Court reconsider and withdraw its September 30, 20222 Memorandum-Decision and Order and issue a corrected Memorandum-Decision and Order addressing the errors set forth above.

Dated: October 12, 2022							Respectfully submitted,

							Benjamin W. Hill
							**CAPEZZA, HILL LLP**
							30 South Pearl Street
							Suite P-110
							Albany, NY 12207
							Telephone: (518) 478-6065
							Facsimile: (518) 407-5661
							ben@capezzahill.com

							Andrew D. Carpenter
							(Admitted *Pro Hac Vice*)
							David R. Erickson
							(Admitted *Pro Hac Vice*)
							**SHOOK, HARDY & BACON LLP**
							2555 Grand Boulevard
							Kansas City, Missouri 64108
							Telephone: (816) 474-6550
							Facsimile: (816) 421-5547
							sdeere@shb.com

- 8 -

John M. Johnson
(Admitted *Pro Hac Vice*)
Lana A. Olson
(Admitted *Pro Hac Vice*)
Clinton T. Speegle
(Admitted *Pro Hac Vice*)
Jeff P. Doss
(Admitted *Pro Hac Vice*)
**LIGHTFOOT FRANKLIN WHITE**
400 20th Street North
Birgminham, AL 35203
Telephone: (205) 581-0700
Facsimile: (205) 581-0799
jjohnson@lightfootlaw.com
lolson@lightfootlaw.com
cspeegle@lightfootlaw.com
jdoss@lightfootlaw.com

*Counsel for Defendant E.I. du Pont de Nemours and Company*

## **CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on October 7, 2022, and accordingly served automatically upon all counsel of record for this matter.

                                                                   */s/ Benjamin W. Hill*
                                                                   Benjamin W. Hill