UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHELE BAKER, individually and
on behalf of all other persons similarly
situated, *et al.*,

                            Plaintiffs,

       -against-                                 1:16-CV-0917 (LEK/DJS)

SAINT-GOBAIN PERFORMANCE
PLASTICS CORP., *et al.*,

                            Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiffs Michele Baker; Charles Carr; Angela Corbett; Pamela Forrest; Michael Hickey, individually and as parent and natural guardian of O.H., infant; Kathleen Main-Lingener; Kristin Miller, as parent and guardian of K.M., infant; Jennifer Plouffe; Silvia Potter, individually and as parent and natural guardian of C.P., infant; and Daniel Schuttig, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), brought a putative class action against Saint-Gobain Performance Plastics Corp. ("Saint-Gobain"); Honeywell International, Inc. ("Honeywell"), formerly known as Allied-Signal, Inc. ("Allied-Signal") or AlliedSignal Laminate Systems, Inc. ("AlliedSignal Laminate"); E.I. DuPont de Nemours and Co. ("DuPont"); and 3M Co. ("3M"). Dkt. No. 171 ("Second Amended Complaint"). After the Court approved a Settlement Agreement between Saint-Gobain, Honeywell, 3M, and Plaintiffs, Dkt. No. 316 ("Settlement Agreement"), DuPont remained the sole Defendant in this case.

On September 30, 2022, the Court issued a Memorandum-Decision and Order granting Plaintiffs' motion for class certification, Dkt. No. 145 ("Motion to Certify Class"), in this case

against DuPont, Dkt. No. 324 ("September 2022 Order"). Specifically, in the September 2022 Order, the Court granted Plaintiffs' Motion to Certify Class with respect to: (1) the PFOA Invasion Injury Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2); both (2) the Municipal Water Property Damage Class and (3) the Private Well Water Property Damage Class pursuant to Rules 23(a) and 23(b)(3); and (4) the Nuisance Damage Class pursuant to Rules 23(a) and 23(c)(4). September 2022 Order at 56.

On October 12, 2022, DuPont filed a motion for reconsideration of the September 2022 Order. Dkt. No. 327 ("Motion for Reconsideration"). Then, on October 14, 2022, DuPont filed a motion for leave to appeal with the United States Court of Appeals for the Second Circuit pursuant to Rule 23(f). See generally Case No. 22-2616 (2d Cir.).[1] Subsequently, on October 18, 2022, Plaintiffs filed their combined opposition to DuPont's Motion for Reconsideration and cross-motion to file a Third Amended Master Consolidated Complaint. Dkt. Nos. 331 ("Cross-Motion"), 331-1 ("Proposed Third Amended Master Consolidated Complaint (Redlined Copy)"), 331-2 ("Proposed Third Amended Master Consolidated Complaint (Clean Copy)"). Thereafter, on October 25, 2022, DuPont filed a document purporting to be a combined reply to the Motion for Reconsideration and opposition to Plaintiffs' Cross-Motion. Dkt. No. 332 ("First Combined Reply and Opposition"). However, this document appears to be a copy of DuPont's Motion for Reconsideration. Compare Mot. for Recons., with First Combined Reply and Opp'n. The next day, on October 26, 2022, DuPont filed a corrected combined reply and opposition. Dkt. No. 333 ("Second Combined Reply and Opposition"). Several days later, on November 2, 2022, DuPont

---

[1] The relevant portion of Rule 23(f) states: "A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule . . . . A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered . . . . An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f).

filed a notice of withdrawal of its Motion for Reconsideration, but stated that "DuPont continues to oppose Plaintiffs' Cross Motion for Leave to Amend for the reasons set forth in DuPont's Reply in Support of [i]ts Motion for Reconsideration and Opposition to Plaintiffs' Cross Motion [f]or Leave [t]o Amend." Dkt. No. 336 at 1 ("Notice of Withdrawal of Motion") (citations omitted). On January 31, 2023, the Second Circuit issued a mandate denying DuPont's Rule 23(f) petition stating that "an immediate appeal is not warranted." Dkt. No. 345.

For the reasons that follow, Plaintiffs' Cross-Motion to file a Third Amended Master Consolidated Complaint is granted. Additionally, for the reasons stated below, the Court issues a conditional order sua sponte decertifying the Nuisance Damage Class contingent on Plaintiffs' filing of the Third Amended Master Consolidated Complaint with the Court.

## II.   BACKGROUND

Plaintiffs' factual allegations were detailed in the September 2022 Order, familiarity with which is assumed. September 2022 Order at 2–3. A description of the PFOA Invasion Injury Class, the Municipal Water Property Damage Class, the Private Well Water Property Damage Class, and the Nuisance Damage Class was set forth in the September 2022 Order, familiarity with which is assumed. September 2022 Order at 3–4.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2): "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[2] "Rule 15 of the Federal Rules of Civil Procedure establishes a liberal policy in favor of allowing amendments." Warboys v. Proulx, 303 F. Supp. 2d 111, 115 (D. Conn. 2004). Accordingly, the Second Circuit has "upheld Rule

---

[2] Rule 15(a)(1) governs amending as a matter of course. See Fed. R. Civ. P. 15(a)(1)(A)–(B).

3

15(a)(2)'s 'liberal standard' as 'consistent with [its] strong preference for resolving disputes on the merits." Attestor Value Master Fund v. Republic of Arg., 940 F.3d 825, 833 (2d Cir. 2019) (quoting Loreley Fin. (Jersey) No. 3. Ltd. v. Wells Fargo Secs., LLC, 797 F.3d 160, 190 (2d Cir. 2015)).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id. "The party opposing amendment bears the burden of demonstrating good reason for denial." Cook v. City of New York, 243 F. Supp. 3d 332, 340 (E.D.N.Y. 2017).

IV. DISCUSSION

A. Timeliness of DuPont's Second Combined Reply and Opposition

Local Rule 7.1(c) sets forth the requirements for filings with respect to cross-motions. See L.R. 7.1(c). The relevant portion of Local Rule 7.1(c) states: "The original moving party must file its reply/opposition papers with the Court and serve them on the other parties not more than **SEVEN DAYS** after service of the cross-motion/opposition to motion." Id. (emphasis in original).

Here, Plaintiffs filed their Cross-Motion on October 18, 2022. See generally Cross-Mot. Accordingly, the deadline for DuPont to file its combined reply and opposition papers was

October 25, 2022. While DuPont filed a filed a document purporting to be a combined reply and opposition on October 25, 2022, this document appears to be a copy of DuPont's Motion for Reconsideration. See generally First Combined Reply and Opp'n. Thus, when DuPont filed a corrected combined reply and opposition on October 26, 2022, this was untimely because it did not fall within the seven-day deadline set in Local Rule 7.1(c). See generally Second Combined Reply and Opp'n. Nevertheless, the Court will consider DuPont's Second Combined Reply and Opposition in light of the fact that "the district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked." Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1048 (2d Cir. 1991).

**B. DuPont's Opposition to Plaintiffs' Cross-Motion**

In the Second Combined Reply and Opposition, DuPont argues that Plaintiffs' Cross-Motion seeking to file a Third Amended Master Consolidated Complaint "following certification of various classes—would unfairly prejudice DuPont." Second Combined Reply and Opp'n at 2.[3] While DuPont offers various objections to the proposed Third Amended Master Consolidated Complaint, DuPont's main objection to the proposed amended complaint is that Plaintiffs are "deleting substantive allegations on which the Court relied concerning other defendants—while simultaneously pursuing previously certified classes." Second Combined Reply and Opp'n at 8.

"Although '[p]rejudice to the opposing party . . . has been described as the most important reason for denying a motion to amend,' only undue prejudice warrants denial of leave to amend." Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (emphasis

---

[3] As noted above, DuPont's Notice of Withdrawal of Motion stated: "DuPont continues to oppose Plaintiffs' Cross Motion for Leave to Amend for the reasons set forth in DuPont's Reply in Support of [i]ts Motion for Reconsideration and Opposition to Plaintiffs' Cross Motion [f]or Leave [t]o Amend." Notice of Withdrawal of Mot. at 1 (citations omitted).

5

in original) (citations omitted) (quoting Frenkel v. New York City Off-Track Betting Corp., 611 F. Supp. 2d 391, 394 (S.D.N.Y. 2009); see also A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) ("[P]rejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is '*undue* prejudice to the opposing party.'" (emphasis in original) (quoting Foman, 371 U.S. at 182)). "[T]he non-moving party bears the burden of demonstrating that 'substantial prejudice would result if the proposed amendment were granted.'" Cook, 243 F. Supp. 3d at 355 (quoting Agerbrink, 155 F. Supp. 3d at 454).

"In determining what constitutes undue prejudice, courts 'generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Oneida Indian Nation v. Cnty. of Oneida, 199 F.R.D. 61, 76–77 (N.D.N.Y. 2000) (quoting Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000)). "The inquiry involves a balancing process that weighs the potential prejudice to the opposing party against the disadvantage the moving party would face if the motion to amend were denied." Cook, 243 F. Supp. 3d at 355.

As a general matter, DuPont appears to argue that delay may be relevant to Plaintiffs' Cross-Motion, asserting that "'the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" Second Combined Reply and Opp'n at 7 (quoting Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983)). However, in the Evans case cited by DuPont, the Second Circuit stated that "[c]learly, whether a motion to amend should be granted or denied must depend upon the sound judicial discretion of the trial court." Evans, 704 F.2d at 47. Moreover, "'[m]ere delay, . . . absent a showing of bad

faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)); see also Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d. Cir. 2000) ("[W]e have held repeatedly that 'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion . . . ."); Yaba v. Cadwalader, Wickersham & Taft, 931 F. Supp. 271, 275 (S.D.N.Y. 1996) ("A party resisting amendment must usually show prejudice or bad faith in addition to undue delay.").

In this case, discovery is still ongoing. See generally Docket. "A court is more likely to find an amendment prejudicial if discovery has closed." Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 200 (S.D.N.Y. 2014); see also Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998) ("'[A] proposed amendment . . . [is] especially prejudicial . . . [when] discovery has already been completed and [non-movant] has already filed a motion for summary judgment.'" (quoting Ansam Assocs. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985))). However, "courts have permitted amendments despite the fact that the motion was made at later stages in the litigation after considerable delay." EEOC v. Thomas Dodge Corp., 524 F. Supp. 2d 227, 231 (E.D.N.Y. 2007) (collecting cases).[4] Accordingly, the Court finds that because discovery has not closed and neither party has submitted motions for summary judgment, DuPont has not demonstrated undue prejudice.

DuPont's Second Combined Reply and Opposition cites to the aforementioned three factors discussed in Oneida, 199 F.R.D. at 76–77, that courts apply when assessing whether the

---

[4] Among the cases cited by Thomas Dodge was Middle Atl. Utils. Co. v. S. M. W. Dev. Corp., 392 F.2d 380, 383 (2d Cir. 1968), which "grant[ed] leave to amend after [a] three-year period and after [the] case [was] listed as trial ready." Thomas Dodge, 524 F. Supp. 2d at 231–32.

proposed amendment would unduly prejudice the non-moving party. Second Combined Reply and Opp'n at 7–8 (citing Block, 988 F.2d at 350). However, DuPont does not explicitly address whether the proposed Third Amended Master Consolidated Complaint "'would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Oneida, 199 F.R.D. at 76–77 (quoting Monahan, 214 F.3d at 284). Instead, DuPont asserts generally that "[a]pplying those standards here, the proposed Third Amended Master Consolidated Complaint would abandon allegations on which DuPont has relied in defending this case." Second Combined Reply and Opp'n at 8.

Insofar as DuPont may be arguing that allowing an amendment would be unduly prejudicial because it would "require [DuPont] to expend significant additional resources to conduct discovery and prepare for trial[,]" Oneida, 199 F.R.D. at 77 (quotation omitted), this is insufficient to demonstrate undue prejudice. "[T]he possibility 'that an amendment will require the expenditure of additional time, effort, or money [does] not constitute undue prejudice.'" Agerbrink, 155 F. Supp. 3d at 455 (quotations omitted) (quoting Versace, 87 F. Supp. 2d at 299); see also Monahan, 214 F.3d at 284 ("As the district court correctly noted, the fact that one party has spent time and money preparing for trial will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings." (citing Block, 988 F.2d at 351)).

The Court now turns to another objection DuPont makes to the proposed Third Amended Master Consolidated Complaint. DuPont argues that "[t]he Plaintiffs have offered no authority for the proposition that they may materially amend their complaint—by deleting substantive allegations on which the Court relied concerning other defendants—while simultaneously

8

pursuing previously certified classes." Second Combined Reply and Opp'n at 8. However, the Court notes that "the non-moving party bears the burden of demonstrating that 'substantial prejudice would result if the proposed amendment were granted.'" Cook, 243 F. Supp. 3d at 355 (quoting Agerbrink, 155 F. Supp. 3d at 454); see also Francisco v. Abengoa, S.A., 559 F. Supp. 3d 286, 314 (S.D.N.Y. 2021) ("The defendant bears the burden of showing that undue prejudice would result from granting leave to amend."). Accordingly, DuPont—not the Plaintiffs—bears the burden of demonstrating that undue prejudice would result if the Court grants leave to amend. Here, DuPont does not cite to any caselaw in which courts have found undue prejudice where plaintiffs have "delet[ed] substantive allegations on which [a] [c]ourt relied concerning other defendants . . . ." Second Combined Reply and Opp'n at 8. Accordingly, the Court cannot find that DuPont has met its burden of showing undue prejudice.

This objection is related to another objection made by DuPont.[5] DuPont argues that in the Second Amended Master Consolidated Complaint, "if anyone is at fault and responsible for [Plaintiffs'] alleged damages, the Plaintiffs have claimed that such fault is with all of the named Defendants." Id. at 9. DuPont states that "the Plaintiffs' allegations in the Second Amended Master Consolidated Complaint are judicial admissions that the Plaintiffs cannot contest at trial." Id. DuPont argues that "the Second Amended Master Consolidated Complaint contains numerous factual allegations concerning the alleged responsibility of Settling Defendants[,]" id. at 10, and that "[i]f this case proceeds to trial, DuPont will assert apportionment defenses under New York law . . . [,]" specifically a N.Y. General Obligations Law § 15-108 defense, id.

---

[5] DuPont also argued that "granting the Cross-Motion would not address the errors in the Court's" September 2022 Order and would thereby unduly prejudice DuPont, but because this objection is derived from DuPont's Motion for Reconsideration, which DuPont withdrew, the Court need not address this argument.

DuPont contends that "[t]o prove these claims, DuPont has relied on the allegations contained in the Second Amended Master Consolidated Complaint." Id. DuPont asserts that the proposed Third Amended Master Consolidated Complaint "removes allegations concerning the responsibility of the Settling Defendants." Id. at 10.

As an initial matter, it is not apparent which of the three factors in Oneida that courts "generally consider" when "determining what constitutes undue prejudice[,]" would apply to DuPont's argument. Oneida, 199 F.R.D. at 76–77. Moreover, DuPont has not pointed to any caselaw in which courts have found undue prejudice analogous to the circumstances described by DuPont. As noted above, DuPont bears the burden of demonstrating undue prejudice. See Cook, 243 F. Supp. 3d at 355; Francisco, 559 F. Supp. 3d at 314. Accordingly, the Court finds that DuPont has not demonstrated undue prejudiced if the Court were to grant Plaintiffs' request to file the Third Amended Master Consolidated Complaint.

Additionally, the Court notes that in the Second Circuit, "the plausibility standard of [Bell Atl. Corp. v. ]Twombly[, 550 U.S. 554 (2007),] applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense . . . ." ." GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 98 (2d Cir. 2019). This also requires the "recognition that, as the Supreme Court explained in [Ashcroft v. ]Iqbal[, 556 U.S. 662 (2009)] applying the plausibility standard to any pleading is a 'context-specific' task." GEOMC, 918 F.3d at 98 (quoting Iqbal, 556 U.S. at 679). Thus, a party "need[s] to support [its affirmative] defenses with some factual allegations to make them plausible." GEOMC, 918 F.3d at 99. "Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." Shechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996) (quotations omitted).

As the Court stated in the September 2022 Order, N.Y. General Obligations Law § 15-108 is an affirmative defense that must be pled. September 2022 Order at 34–35 (citing Whalen v. Kawasaki Motors Corp., U.S.A., 92 N.Y.2d 288, 293 (N.Y. 1998) and Schipani v. McLeod, 541 F.3d 158 (2d Cir. 2008)). The Court concluded that DuPont had not pled N.Y. General Obligations Law § 15-108, September 2022 Order at 35, and thus DuPont needed to amend its answer in accordance with the plausibility standard of Twombly, as required by the Second Circuit in GEOMC, September 2022 Order at 35–36 n.7.

However, as the Second Circuit has stated: "A factually sufficient and legally valid affirmative defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation. A defendant with such a defense is entitled to a full opportunity to assert it and have it adjudicated before a plaintiff may impose liability." GEOMC, 918 F.3d at 98–99.

Under certain circumstances "prejudice may be considered and, in some cases, may be determinative, where [(1)] a defense is presented beyond the normal time limits of the Rules, especially at a late stage in the litigation, and [(2)] challenged by a motion to dismiss or opposed by opposition to a Rule 15(a) motion." Id. at 99. However, the example the Second Circuit gave of a "late stage in the litigation" was an instance where an affirmative defense was found properly denied with regard to a "motion made on [the] eighth day of trial to amend [the] answer to add [an] affirmative defense." Id. (citing Anderson v. Nat'l Producing Co., 253 F.2d 834, 838 (2d Cir. 1958)). The Court does not consider the case at hand to be in the "late stage of the litigation" because the parties are still conducting discovery and neither party has made a motion for summary judgment. GEOMC, 918 F.3d at 99. Additionally, Plaintiffs have stated in the Cross-Motion that "Plaintiffs have already conveyed that they will consent to DuPont's

11

amendment of its answer to raise a [N.Y. General Obligations Law] § 15-108 defense[,]" Dkt. No. 331-3 at 7 ("Plaintiffs' Memorandum of Law"). Thus, if DuPont files an amended answer, it appears unlikely that Plaintiffs will "challenge[] [this answer] by a motion" with regard to a N.Y. General Obligations Law § 15-108 affirmative defense. GEOMC, 918 F.3d at 99.

Accordingly, the Court finds that DuPont has not met its burden of establishing undue prejudice with regard to the proposed Third Amended Master Consolidated Complaint. Therefore, Plaintiffs' Cross-Motion to file the proposed Third Amended Master Consolidated is granted.

### C. Sua Sponte Decertification of the Nuisance Damage Class

Pursuant to Rule 23(c): "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). "A district court's exercise of discretion is set forth clearly in both the wording and commentary of Rule 23." Mazzei v. Money Store, 829 F.3d 260, 266 (2d Cir. 2016) (citing Fed. R. Civ. P. 23(c)(1)(C)). "[D]istrict courts must ensure that a certified class satisfies Rule 23 throughout the litigation, and possess the authority to alter or decertify the class if that is no longer the case." Jin v. Shanghai Original, Inc., 990 F.3d 251, 262 (2d Cir. 2021) (citations omitted) (citing Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982) and Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 104 n.9 (2d Cir. 2007)). "[D]ecertification is an 'extreme step . . . where a potentially proper class exists and can easily be created . . . .'" Jin, 990 F.3d at 263 (quotations omitted) (quoting Woe by Woe v. Cuomo, 729 F.2d 96, 107 (2d Cir. 1984)). However, "[a] district court is required [under Rule 23(c)(1)] to monitor class proceedings and 'reassess [its] class rulings as the case develops.'" Jin, 990 F.3d at 261 (quoting Boucher v. Syracuse Univ., 164 F.3d 113, 118 (2d Cir. 1999)). Thus, "district courts have the authority to *sua sponte* decertify a class if they

find that the class no longer meets the requirements of Rule 23 at any time before final judgment is entered." Jin, 990 F.3d at 261–262 (emphasis in original) (citing Fed. R. Civ. P. 23(c)(1)(C) and Sirota v. Solitron Devices, Inc., 673 F.2d 566, 572 (2d Cir. 1982)); see also Chen-Oster v. Goldman, Sachs & Co., No. 10-CV-6950, 2022 U.S. Dist. LEXIS 150548, at *11 (S.D.N.Y. Aug. 22, 2022) ("District courts may act *sua sponte* pursuant to Rule 23(c)(1)(C) to redefine the class." (citing Jin, 990 F.3d at 261–62)). As the Second Circuit has stated:

> Although an "intervening event" may often be the impetus for a district court to *sua sponte* decide that the requirements of Rule 23 are no longer met, the metric by which a district court may properly decertify is not whether such an "intervening event" crosses a threshold of "significance." Instead, the district court need only find that a previously satisfied requirement of Rule 23 is now lacking.

Jin, 990 F.3d at 262 (emphasis in original) (citing Sirota, 673 F.2d at 572).

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule . . . ." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). "'[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues compromising the plaintiff's cause of action.'" Id. at 351 (quotations omitted) (quoting Falcon, 457 U.S. at 160). "Sometimes *the issues are plain enough from the pleadings* to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Falcon, 457 U.S. at 160 (emphasis added).

Here, Plaintiffs assert that "[t]he Second Amended Complaint contains allegations against the Settling Defendants that may be removed before trial because these allegations are no longer relevant and may create confusion regarding the remaining classes and claims." Pls.' Mem. of Law at 9. "Specifically, Plaintiffs' proposed Third Amended Complaint removes the

13

allegations pertaining to the Nuisance Damage Class as well as the claims for private nuisance and trespass because those allegations and claims pertain only to dismissed defendants Saint-Gobain and Honeywell." Id. at 9–10. Plaintiffs have indicated that "they were not pursuing a common law nuisance claim against DuPont." Id. at 3.

Because Plaintiffs indicate that the proposed Third Amended Master Consolidated Complaint "removes the allegations pertaining to the Nuisance Damage Class[,]" id. at 9, the Court issues a conditional order sua sponte decertifying the Nuisance Damage Class, contingent on Plaintiffs' filing of the Third Amended Master Consolidated Complaint with the Court. "'The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.'" Mazzei, 829 F.3d at 266 (quoting Richardson v. Byrd, 709 F.2d 1016, 1019 (5th Cir. 1983)).

After reviewing the proposed Third Amended Master Consolidated Complaint, the Court finds that no further alterations to class certification in the September 2022 Order—other than decertification of the Nuisance Damage Class—are necessary at this time.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Cross-Motion to file the proposed Third Amended Master Consolidated Complaint (Dkt. No. 331) is **GRANTED**, and Plaintiffs may file and serve their amended complaint within 14 days from the date of issuance of this Memorandum-Decision and Order pursuant to Local Rule 15.1(c); and it is further

**ORDERED**, that the Court conditionally decertifies the Nuisance Damage Class sua sponte pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), contingent on Plaintiffs' filing of the Third Amended Master Consolidated Complaint with the Court. Accordingly, upon

14

Plaintiffs' filing of the Third Amended Master Consolidated Complaint with the Court pursuant to Local Rule 15.1(c), the Nuisance Damage Class will be decertified pursuant to Federal Rule of Civil Procedure 23(c)(1)(C) without further order of the Court. The Court finds that no further alterations to class certification in the September 2022 Order—other than decertification of the Nuisance Damage Class—are necessary at this time; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 7, 2023
           Albany, New York

LAWRENCE E. KAHN
United States District Judge