UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHELE BAKER, *et al.*,

        Plaintiffs,

    v.                                                                              1:16-CV-917
                                                                   (LEK/DJS)

SAINT-GOBAIN PERFORMANCE
PLASTICS CORP., *et al.*,

        Defendants.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

This Order addresses requests by Defendant E.I. DuPont de Nemours and Company ("DuPont") to conduct a Rule 30(b)(6) deposition of Saint-Gobain Performance Plastics Corp. ("Saint-Gobain") and to enforce subpoenas served on two non-party witnesses, Peter Spohn and Damien Nevoret. Dkt. Nos. 357, 360, & 366. Saint-Gobain opposes the requests. Dkt. Nos. 358 & 370. Mr. Spohn, through counsel, also objects. Dkt. Nos. 364 & 369. For the reasons set forth below, DuPont's request for a 30(b)(6) deposition is denied, but the request to conduct non-party depositions is granted.

1

**A. Rule 30(b)(6) Deposition of Saint-Gobain**

This Court has an obligation to ensure that cases proceed in a manner "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Consistent with that obligation, the Court has the authority to limit discovery when it would be "unreasonably cumulative or duplicative," FED. R. CIV. P. 26(b)(2)(C)(i), or when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." FED. R. CIV. P. 26(b)(2)(C)(ii). In the Court's view, both of these limitations warrant denial of the request to conduct a 30(b)(6) deposition.

DuPont seeks to question a representative of Saint-Gobain on a number of distinct topics. Dkt. No. 366 at pp. 5-8. However, the record before the Court amply demonstrates that the topics as to which DuPont seeks further testimony have been or, more importantly at this stage of the proceedings, could have been covered during multiple prior depositions. *See* Dkt. No. 370 at pp. 4-9; *In re Hoosick Falls PFOA Cases*, 1:19-MC-18, Dkt. No. 115 at pp. 5-8. It is not clear why the topics were not covered in the detail DuPont now seeks and DuPont offers no clear explanation. It contends that the information sought is critical to address issues presented by prior District Court rulings in this case regarding notice and the duty to warn. Dkt. No. 366 at p. 2. But as DuPont concedes, the District Court's rulings were "based . . . on the Plaintiffs' allegations." *Id.* The nature of those allegations has been long known to the

2

parties and was at the heart of extensive discovery already conducted by all parties. The proposed deposition would likely involve Saint-Gobain producing witnesses who have already testified to testify again about certain topics. "[W]hen a party has had 'ample time in which to pursue the discovery that it now claims is essential,' a district court has broad discretion to deny a request for further discovery." *Rosado v. Maxymillian*, 2022 WL 54181, at *2 (2d Cir. Jan. 6, 2022) (quoting *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985)). In the Court's view, DuPont's presently stated interest in additional discovery does not provide a basis for what appears to be a broad reopening of multiple topics that have already been extensively covered. This is particularly true given that DuPont seeks to do so with the corporate representative of a party who has resolved all claims against it.

### B. Individual Non-Party Depositions

The proposed depositions of Spohn and Nevoret do not present the same concerns for the Court. As to each, the Court views the scope of the proposed depositions as much narrower. DuPont has identified specific topics and/or documents about which it wishes to question these individuals. Dkt. No. 366 at pp. 9-10. Neither has previously been deposed. The Court recognizes that it is quite likely that some of the ground DuPont's counsel may wish to address with these witnesses may have been covered during other depositions. It appears equally likely, however, that each could be questioned about information uniquely available from these witnesses. That neither

3

Spohn nor Nevoret had ever worked in Hoosick Falls nor that it has been a long time since either has worked at Saint-Gobain, *see* Dkt. No. 370 at p. 10, bears little relationship, in the Court's view, to whether or not they could have proportionally relevant information about PFOA and the risks associated with it, given the historical nature of PFOA's development and use in Hoosick Falls.

To minimize the burden on these deponents, the Court limits the deposition of each to four hours. *See* FED. R. CIV. P. 30(d)(1). DuPont may inquire of the witnesses for up to three hours, with forty-five minutes of questioning available to Plaintiffs' counsel, and fifteen minutes reserved for the deponent's counsel should they wish to clarify any of their client's testimony. DuPont has experienced counsel. It will be counsel's judgment as to how use its limited time to obtain information. Should counsel choose to use that time on material that was available to DuPont previously, it does so at its peril because the Court will not, absent extraordinary circumstances, extend the time for these depositions.

**ACCORDINGLY**, it is

**ORDERED**, that DuPont's request to compel depositions (Dkt. No. 366) is **GRANTED IN PART** and **DENIED IN PART** as set forth above; and it is further

**ORDERED**, that the requests in Dkt. Nos. 357, 371, and 372 are **GRANTED**; and it is further

4

**ORDERED**, that the Clerk of the Court shall serve copies of this Decision and Order on the parties.

Dated: May 26, 2023
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge