UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHELE BAKER, *et al.*,

        Plaintiffs,

    v.                                        1:16-CV-917
                                                      (LEK/DJS)

SAINT-GOBAIN PERFORMANCE
PLASTICS CORP., *et al.*,

        Defendants.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER DENYING RECONSIDERATION

    Defendant E.I. DuPont de Nemours and Company ("DuPont") seeks reconsideration of this Court's prior Discovery Order, Dkt. No. 374, insofar as it denied DuPont's request to conduct certain Rule 30(b)(6) depositions of Saint-Gobain Performance Plastics Corp. ("Saint-Gobain") representatives.[1] Dkt. No. 375. Saint-Gobain has opposed the Motion for Reconsideration, and requests that the Court impose costs and fees on DuPont for vexatious conduct. Dkt. No. 376. For the reasons that

---

[1] DuPont does not move for reconsideration of other aspects of this Court's Discovery Order, in particular, that portion of the Order which granted the request to conduct the depositions of two non-party witnesses, Mr. Peter Spohn and Mr. Damien Nevoret. *See* Dkt No. 374 at pp. 3-4.

1

follow, both the Motion for Reconsideration of the May 26, 2023 Discovery Order, as well as the request for the imposition of costs, are hereby denied.

The present PFOA litigation is amongst the most extensive and complicated that this District has handled. Practically speaking, the Court would not be able to do so without the help of all counsel coordinating discovery and aggressively utilizing the meet and confer process that, in this case, has resolved many of the complicated issues. That self-regulation was mandated by the Court's Standing Order and Amended Standing Order, which require the parties and counsel to, among other things, "coordinate discovery activities and avoid unnecessary duplication. . ." Dkt. Nos. 72 & 117 at ¶ 8. With regard to depositions in particular, the Coordination Orders, stipulated to by all counsel, specifically provide that "the parties are entitled to seek a protective order as to any additional noticed deposition that, in light of other depositions and other discovery taken in the Affected Cases, would be wasteful, duplicative, burdensome, or otherwise unnecessary." *Id.* at ¶ 14. This is an important qualifier, because, as has been noted:

> Depositions are often overused and conducted inefficiently, and thus tend to be the most costly and time-consuming activity in complex litigation. The judge should manage the litigation so as to avoid unnecessary depositions, limit the number and length of those that are taken, and ensure that the process of taking depositions is as fair and efficient as possible.

FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION, § 11.45, (4th ed.).

2

Despite the joint work of counsel, this Court on occasion is called to make rulings concerning the scope of discovery so as to promote the mandates of Rule 1. In the present case, such a judgment was made regarding DuPont's Rule 30(b)(6) Deposition Notice based upon the briefing of the parties, as well as extensive oral argument during the Court's May 5, 2023, telephone conference. Having reviewed the present papers from DuPont, the Court does not see sufficient grounds for overruling this judgment.

The standard for reconsideration in this District is well known, and was recently summarized by Chief Judge Sannes:

> A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id*. Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

*Dean v. Annucci*, 2023 WL 2325074, at *10 (N.D.N.Y. Mar. 2, 2023).

Judged against that standard, the present Motion for Reconsideration fails. There has not been an intervening change in the law, no new evidence has been presented, and the Court perceives no clear error or manifest injustice.

3

By way of history, this case was commenced in early 2016. On July 27, 2016, this Court issued an Order consolidating certain cases, and appointing interim class counsel. Dkt. No. 1. A Uniform Pretrial Scheduling Order was issued in February of 2018. Dkt. No. 48. The first Standing Order for the coordination of discovery in the many pending PFOA lawsuits in Hoosick Falls was issued on October 9, 2018. Dkt. No. 72. An Amended Standing Coordination Order was issued in May of 2019. Dkt. No. 117. In addition, Pretrial Case Management and Scheduling Orders were put in place. Dkt. Nos. 136, 138, 178, 194, & 219. After completion of what has been described as massive discovery during the five years since the initial Rule 16 conference, the *Baker* class action Plaintiffs agreed to a global settlement with Saint-Gobain, Honeywell International Inc., and 3M Company, and that settlement received final approval from the District Court on February 4, 2022. Dkt. No. 316. The day prior to the final approval of settlement in the *Baker* Class Action, DuPont, the sole remaining Defendant, served its Rule 30(b)(6) Notice.

DuPont's Motion dwells upon what it perceives to be a clear error by the Court in distinguishing between merits discovery and class certification discovery. *See* Dkt. No. 375-1 at pp. 2-5. It notes that the scheduling order issued *after* the Saint-Gobain settlement extended merits discovery through June of 2023, and therefore the 30(b)(6) notice was well within that date. *Id.* at p. 2; Dkt. No. 335. Further, while DuPont recognizes this Court's authority to limit discovery, the Court's present Order is said to

4

go so far as to affect DuPont's substantial rights, and therefore constitutes an abuse of discretion. Dkt. No. 375-1 at pp. 5-7.

The Court's Order, however, was not premised upon the fact that a particular discovery deadline had expired, but rather that Saint-Gobain had established to the Court's satisfaction that the areas on which DuPont now seeks depositions, were topics that have already been covered in detail, or could have been covered, in the multiple depositions that DuPont already attended. *See* Dkt. No. 370 at pp. 4-9. The topics identified in the Rule 30(b)(6) deposition notice included: (1) meetings with DuPont regarding safety, health, and environmental issues for PFOA and product containing PFOA; (2) discussions, meetings or inquiries, regarding handling and emission control technologies for PFOA and products containing PFOA, including meetings with W.L. Gore; (3) communications with other sellers or manufacturers of PFOA or products containing PFOA; (4) information regarding Team "Tymor"; (5) Saint-Gobain's involvement with the Society of Plastics Industry (SPI) from 1990 to the present; and (6) emissions testing conducted by Saint-Gobain for PFOA. Dkt. No. 366 at pp. 3-4.

Douglas Fleming, counsel for Saint Gobain, represented to the Court in a detailed filing that he attended almost all of the corporate witness depositions, and asserts that there has already been disclosure about these very same issues identified in the Rule 30(b)(6) Deposition Notice. Dkt. No. 370. Eleven current or former Saint-Gobain employees have been deposed, and over a million pages of documents have been

5

produced. *Id.* Representatives from DuPont attended all of the depositions and asked questions at many. *Id.* These multiple witnesses are said to have provided responsive testimony regarding the items now at issue: spills of PFOA at Hoosick Falls, meetings about PFOA, sales of PFOA, uses of PFOA, the Tymor group, discussions with W.L. Gore, participation in the Society of Plastic Industry, and emissions testing and control technology. *Id*. at pp. 1-9. Using Tymor as just one example,[2] counsel notes that the parties have already conducted depositions of four different witnesses on this issue, including Edward Canning, the Tymor team leader, who testified over multiple days, as well as two additional team members, Ruth Jamke and Richard Hoeck. Dkt. No. 370-2 at pp. 4-6. While there may have been an inability of a particular witness to recall a particular fact, there is no serious dispute that this area of inquiry (as well as the others) was extensively covered in the discovery that all parties participated in. Attorney Fleming further sets forth that he had conferred with DuPont's counsel to establish the repetitious nature of the discovery that was being sought through the Rule 30(b)(6) Notice, but despite identifying page numbers and identifying witnesses, counsel for DuPont still insisted on going forward.

DuPont's argument that there is time left to do merits discovery misses the mark. First, there was, in fact, no practical dichotomy whereby the topics upon which DuPont seeks testimony from Saint-Gobain were somehow blocked during the initial years of

---

[2] In his submission, Attorney Fleming details each topic of inquiry, and provides specific reference as to how the area was covered.

class action discovery. In fact, and as detailed by Attorney Fleming, the record is clear that these topics identified in the Rule 30(b)(6) Notice were covered in significant detail with multiple witnesses. *See* Dkt. No. 370-2. Insofar as these areas were critical, their significance was known to the parties when these depositions and document production were occurring. There has been no explanation why, if DuPont felt it was required, 30(b)(6) depositions were not conducted at that time.

Ultimately, while the Court granted the request of DuPont to depose two additional witnesses, it concluded that Dupont had not established that the additional testimony sought by way of the 30(b)(6) witness or witnesses was not duplicative of what had already been done, or could have been done, to date. DuPont's argument that Rule 30(b)(6) witnesses, as corporate designees, can never be repetitious of other witnesses, runs contrary to the federal rules and also the unique nature of this case. Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 - deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with "reasonable particularity." FED. R. CIV. P. 30(b)(6); *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017). As one court has noted: "A Rule 30(b)(6) deposition is not to be used to re-ask all of the questions a party has previously explored with multiple witnesses." *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *5 (E.D.N.Y. Sept. 24, 2019) (citing *Bellinger v.*

*Astrue*, 2011 WL 4529602, at *4 (E.D.N.Y. Sept. 28, 2011)), *objections overruled*, 2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019).

The Court does recognize the difference between Rule 30(b)(6) witnesses and individual witnesses, but in light of the particular facts of this case, the joint discovery efforts that were mandated by prior Court Orders, the scope of the discovery that has already been undertaken, and the clear direction of the parties to eliminate duplicative discovery, it was and is the Court's view that it would be inappropriate to essentially start over on these topics utilizing a Rule 30(b)(6) notice.  Although DuPont clearly disagrees with this Court's analysis and exercise of its discretion over discovery, a Motion for Reconsideration is not a proper vehicle for re-arguing theories.  Accordingly, the request for reconsideration is denied.

As for Saint-Gobain's request for costs and fees, Local Rule 7.1(i) provides that "[a] party who presents vexatious or frivolous motion papers or fails to comply with this Rule is subject to discipline as the Court deems appropriate, including sanctions and the imposition of costs and attorney's fees to the opposing party." L.R. 7.1(i).   While the Court does not adopt the arguments of DuPont and its counsel, it does not find that their arguments were advanced in bad faith or were wholly without merit.  Indeed, and as noted above, this was at the end a judgment call.  Therefore, Defendant Saint-Gobain's request for a fee award is likewise denied.

**ACCORDINGLY**, it is

**ORDERED**, that DuPont's Motion for Reconsideration (Dkt. No. 375) is **DENIED**; and it is further

**ORDERED**, that Saint-Gobain's request for the Court to impose attorney's fees on DuPont (Dkt. No. 376) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Decision and Order on the parties.

Dated: July 26, 2023
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge