UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHELE BAKER, *et al.*,

        Plaintiffs,

   v.                                             1:16-CV-917
                                                        (LEK/DJS)

SAINT-GOBAIN PERFORMANCE
PLASTICS CORP., *et al.*,

        Defendants.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER

Presently pending before the Court is Plaintiffs' Motion to exclude two expert witnesses offered by Defendant – Dr. Adam Love and David Duffus. Dkt. No. 404. Plaintiffs seek to preclude the testimony of these individuals on the ground that they lack relevant evidence and thus cannot offer expert testimony that would aid the jury. *See generally* Dkt. No. 404-18, Pls.' Mem. of Law at pp. 9-14. Defendants oppose the Motion. Dkt. No. 411. Plaintiffs have filed a reply. Dkt. No. 425. This Court heard oral argument on this Motion, together with other motions to exclude expert testimony on September 10, 2024. For the reasons set forth below, the Motion is denied.

1

# I. RELEVANT BACKGROUND

The allegations in this case concern the contamination of the drinking water in Hoosick Falls, New York by perfluorooctanoic acid, a chemical commonly referred to as PFOA. Dkt. No. 335, Am. Compl., ¶ 1. It is alleged that the "principal source of contamination was the former fabric coating facility located on McCaffrey Street" in Hoosick Falls. *Id.* at ¶ 4. Plaintiffs allege that "DuPont manufactured and sold aqueous fluoropolymer dispersions ("AFD") containing APFO to Saint-Gobain and Allied Signal that were used at the McCaffrey Street facility in their manufacturing processes." *Id.* at ¶ 19. "Ammonium Perfluorooctonoate (APFO) dissociates in water to form perfluorooctanoate (PFO) and under acidic conditions is protonated to form perfluorooctanoic acid (PFOA)." *Id.* at ¶ 23. Plaintiffs further allege that:

> 220. From the 1950s through approximately 2015, Defendant DuPont developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed and/or supplied PFOA-containing AFD products for sale and sold such products to Honeywell and Saint-Gobain in the ordinary course of their business for use at the McCaffrey Street site.
>
> 221. By at least 1984, Defendant DuPont was aware of the health hazards associated with PFOA exposure as well as the potential for PFOA to contaminate soil and drinking water. DuPont was also aware that there were technologies that could reduce or eliminate the PFOA emissions for AFD coating manufacturing facilities and/or that PFOA could be replaced in AFD with another surfactant. DuPont chose to continue to sell PFOA-containing AFD and not to advise purchasers of the true hazards of PFOA or instruct them about and recommend emission reducing technologies or recommend that they test groundwater in the vicinity of their manufacturing facilities for PFOA because of concerns for loss of profits.

DuPont denies many of the allegations made by Plaintiffs. *See generally* Dkt. No. 356. As relevant here, it denies that it was a direct and proximate cause of Plaintiffs' injuries, at least in part, because DuPont was not a significant factor in the ultimate contamination of the Hoosick Falls water supply. *See* Dkt. No. 411-6, Def.'s Mem. of Law at pp. 12-13 (discussing significance of expert testimony on defense). To bolster that defense, Defendant has submitted expert reports from Dr. Adam Love, Dkt. No. 404-3, Love Report, and David Duffus, Dkt. No. 404-13, Duffus Report. Broadly stated, the Reports suggest that DuPont contributed only around 15% of the total AFDs delivered to the McCaffrey Street facility between 1991 and 2003.

## II. LEGAL STANDARD

Under FED. R. EVID. 702:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

"The Second Circuit has distilled Rule 702's requirements into three broad criteria: (1) qualifications, (2) reliability, and (3) relevance and assistance to the trier of fact." *In re*

3

*LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 466 (S.D.N.Y. 2018) (citing *Nimely v. City of New York*, 414 F.3d 381, 396–97 (2d Cir. 2005)). "Overall, 'exclusion remains the exception rather than the rule.'" *New York City Transit Auth. v. Express Scripts, Inc.*, 588 F. Supp. 3d 424, 443 (S.D.N.Y. 2022) (quoting *Vazquez v. City of New York*, 2014 WL 4388497, at *12 (S.D.N.Y. Sept. 5, 2014)).

### III. DISCUSSION

*A. Availability of Relief under New York Law*

Plaintiffs advance several legal arguments concerning the extent to which a jury or the Court could apportion fault to non-parties regarding the contamination in Hoosick Falls. Pls.' Mem. of Law at pp. 9-11; Reply at pp. 14-15. The applicability of New York's apportionment statute and what the jury will and will not be able to consider about DuPont's legal responsibility are not issues properly presented on a *Daubert* motion. It will be the responsibility of the trial court to make determinations about the substantive law that will be applied at a trial. This Court will not preempt the trial court's prerogatives in that regard in the context of the present Motion. As a result, the Court does not find these arguments to be a proper basis for excluding the proposed testimony at this juncture.

*B. Relevance and Foundation of the Proffered Opinions*

Plaintiffs next seek to exclude evidence from Love and Duffus on the ground that it is not relevant. Pls.' Mem. of Law at pp. 11-12. They argue that the "[t]he opinions

4

of Dr. Love and Mr. Duffus do not make it less probable that DuPont was a significant factor in causing the contamination Hoosick Falls" because their opinions cover roughly only a third of the time period in which it is known that DuPont supplied AFD to the McCaffrey Street site. *Id.* at p. 11. All appear to agree, however, that DuPont can be found liable only if it was a significant contributor of potential contaminants. *See* Dkt. No. 411-6 at pp. 12-13; Dkt. No. 417 at pp. 15-16 (Plaintiffs' argument in opposition to summary judgment is that "DuPont may be liable if it made a significant contribution to the PFOA in the Contamination Zone."). "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence," FED. R. EVID. 401(a), and "Rule 702 embodies a liberal standard of admissibility for expert opinions." *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005). Under those standards, the Court has no difficulty concluding that the comparative data presented in the reports *may* make it more likely in the eyes of a jury that DuPont was not a significant factor in distribution to the McCaffrey Street site. The reports, therefore, are relevant.[1] Plaintiffs are free to seek exclusion of this testimony at the time of trial under Rule 403 on the ground that the limited data set make the reports more prejudicial than probative. As the Supreme Court specifically noted in *Daubert*:

---

[1] The Court rejects the argument that the opinions are unnecessary to assist the jury because expert testimony is not needed to establish the volume of AFD supplied by DuPont since the records establish that by themselves. *See* Pls.' Reply at p. 12. First, Dr. Love offers opinions that are beyond merely statistical ones and discuss the significant scientific information regarding PFOA contamination. *See generally* Love Report. Mr. Duffus' opinion also does not simply recount direct sales data but employed various accounting techniques to arrive at the figures which formed the basis of his opinion. *See* Duffus Report at pp. 5-10. Explanations of how these figures were arrived at could potentially assist the jury in understanding the data.

> Rule 403 permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Judge Weinstein has explained: Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.

*Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. at 595 (internal quotations, citations, and alterations omitted).

Plaintiffs argues that the sole relevant fact in the reports at issue is that DuPont sold over 600,000 pounds of AFD after 1991 from which, along with other evidence, a jury can find substantial contribution. Reply at pp. 11-14. This argument ignores that the Second Circuit has previously concluded that market share data may be appropriate evidence "that helps the jury determine the scope of the defendant's contribution to the plaintiff's injury." *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 725 F.3d 65, 117 (2d Cir. 2013). The parties are free to argue what New York law requires to establish substantial causation and the trial court will make an appropriate ruling on that question at the time of trial, but for now Defendant has carried its burden of establishing sufficient relevancy to warrant denial of this Motion.

Plaintiffs make a related argument, couched in the purported lack of an adequate foundation, that the opinions cannot aid the jury regarding DuPont's contribution to the contamination because the data set speaks only to AFDs produced, which is not an accurate representation of actual potential contaminants. Pls.' Mem. of Law at pp. 13-

6

14. The record, however, shows that this distinction is recognized and noted by Dr. Love. *See* Love Report at pp. 26 & 43. While Plaintiffs argue that "these opinions would only confuse the jury into thinking the relative quantity of AFD supplied would be equivalent to the relative percentage of PFOA discovered in the environment," Pls.' Mem. of Law at p. 13, Dr. Love's report specifically recognizes that "it was only the APFO component that is attributed to PFOA emissions from the McCaffrey Street Facility." Love Report at p. 43. He also expressly stated that the records available to him did not provide full information about APFO content. *Id.* at p. 27. Dr. Love can be cross-examined about what Plaintiffs perceive to be the resulting limited utility of his opinions, but they are clearly not lacking in foundation or irrelevant.

Mr. Duffus' opinion does not make the same scientific distinctions, *see generally* Duffus Report, but is nonetheless not subject to preclusion on relevance or foundational grounds at this juncture. The Amended Complaint specifically alleges, *inter alia*, that "[f]rom the 1950s through approximately 2015, Defendant DuPont developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed and/or supplied PFOA-containing AFD products for sale and sold such products to Honeywell and Saint-Gobain in the ordinary course of their business for use at the McCaffrey Street site." Dkt. No. 355 at ¶ 220. Mr. Duffus, based on the limited available records, opines about the percentage of AFDs actually supplied by DuPont during the period between 1991 and 2003. Duffus Report at p. 22. Again, permitting Plaintiffs' able counsel to

7

cross examine Mr. Duffus about the perceived limitations of the data set and what, if any, information can be gleaned from his opinion about DuPont's potential contribution of APFOs is a better remedy than total preclusion of this opinion.

Finally, to the extent Plaintiffs suggest that the opinions lack sufficient foundation because Love and Duffus "rely solely on data produced by Saint-Gobain" that addressed only a limited time period, that argument is rejected. The source of the information does not render it less adequate. It appears that this data is the only information available to the parties and provides a basis for the limited nature of the opinions – which relates to Defendant's distribution of chemicals during the time period for which information was available. This argument, therefore, is unavailing.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiffs' Motions (Dkt. No. 404) to exclude expert testimony from Adam Love and David Duffus is **DENIED** and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Decision and Order on the parties.

Dated: September 13, 2024
       Albany, New York

_Daniel J. Stewart_
U.S. Magistrate Judge

8